## JOHN FOULK

*v.*

## WILLIAM ECKERT.

1. EVIDENCE—*impeaching a witness.* A witness called to impeach the general character of another for truth and veracity, should be asked if he is acquainted with the general character of the witness, in his neighborhood, for truth and veracity, and he must answer in the affirmative before he can testify as to his character as to truth; but although he may be asked as to his character before he has stated he knows it, there can arise no harm when he answers he does not know how the neighbors regard the witness in reference to his truthfulness.

2. In such a case, it is improper for the witness to volunteer testimony unfavorable to the character of the witness sought to be impeached, but that will not reverse as it was not called for, and the adverse party did not move to exclude it from the jury; but had it been asked, and had the court failed to exclude the evidence, it would have been error.

3. FRAUD—*rescission of contract—notice.* Where a person sells an article of personal property to another, and the evidence tends to prove there were false and fraudulent representations as to the condition of the property, and it is not seen by the purchaser until after the purchase, when he finds it entirely different from what was represented, he would not be required to give the vendor notice that he rescinded the contract, and it would be error for the court to instruct the jury that he could make no defense in a suit for the purchase price without he gave notice in a reasonable time of his refusal to receive the property.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDWIN S. LELAND, Judge, presiding.

This was an action brought by John Foulk, before a justice of the peace of LaSalle county, against William Eckert, to recover the price of a heading machine. On the trial before the justice of the peace, plaintiff recovered a judgment against defendant for $45. An appeal was taken to the circuit court of LaSalle county.

On a trial in that court by a jury, it appeared that plaintiff, in February, 1867, sold to defendant a header and reaper for the sum of $55, on which defendant paid $10. The machine

was not present, and when defendant came to see it he claimed that it was entirely different from what plaintiff had represented it at the time of the sale, and claimed that plaintiff had made false and fraudulent representations as to the condition of the machine, but he seems not to have given notice of his refusal to take the machine. On the trial he relied on these facts as a defense. He also filed an account as a set-off. The jury found a verdict in his favor for $12. Plaintiff entered a motion for a new trial which was overruled by the court, and the record is brought here on appeal.

Mr. E. W. DEWEY, for the appellant.

Messrs. STIPP, BROWN & SHEPHERD, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is first insisted that the court below erred in the admission of evidence on the part of appellee. This question was asked: "Is it not a fact that Mr. Foulk is not a reliable man, by those who know him well, as to his word?" This question was clearly objectionable inasmuch as it does not appear that the witness had any knowledge as to the general character of Foulk for truth and veracity. It is a rule of evidence that the witness should be asked, first, whether he is acquainted with the general character of the person intended to be impeached, for truth and veracity in his neighborhood, and the impeaching witness must state that he knows what character he bears before he can be asked as to what that character is. This rule is so elementary that it would be useless to refer to authorities in its support. It is presumed that all practicing lawyers know it to be the rule. But we can see, from the record in this case, from the answer given, that the question asked did no harm. The witness answered that he could not say what those who knew him considered his character as to his word. This was responsive to the question and could not, in the slightest degree, prejudice the plaintiff's case.

But the witness then volunteered to give his opinion, which was unfavorable to his character for veracity. This was improper; but not being called for by appellee, the judgment should not be reversed for that reason. If appellant desired to have it excluded from the jury, he should have moved the court to so instruct the jury. Had he asked the court to exclude it and his application had been refused, it would have been error. But failing to ask that his volunteer answer should be taken from the consideration of the jury, he has no right to complain of the evidence for the first time in this court.

It is next urged that the court erred in refusing to give appellant's ninth instruction, which is this:

"If the jury believe, from the evidence, that the defendant, as soon as he saw the machine, determined to rescind his contract of purchase, it was his duty to give the plaintiff a reasonable notice of his intention so to do; and unless the jury believe, from the evidence, that the defendant gave the plaintiff a reasonable notice that he would not take the header in question, then they will find for the plaintiff and assess his damages accordingly, and the jurors are the judges, from all the evidence and circumstances of the case, as to what constitutes reasonable notice."

It is contended by appellant that, appellee having failed within a reasonable time to give notice that he repudiated the contract, that even if the property was not as appellant had represented it, appellee had waived all right to object to going on and carrying out the agreement. On the other hand it is insisted that, inasmuch as the representations as to the condition of the machine were untrue, it amounted to a fraud, and that appellee was bound to perform no act in reference to the property, but might simply refuse to receive it or to pay the contract price.

Had there been fraudulent representations made as to the property and it had been delivered to appellee, or he had taken

possession, then it is clear, from the authorities, that, on discovering the fraud, he should have offered to restore the property to appellant before he could rescind the contract. Or, had there been various articles to be delivered by the vendor at different times, and he had been guilty of fraud, it would have been necessary for the vendee, on discovering the fraud, to notify the vendor that he elected to rescind the contract, and not to wait for the period to arrive when the various articles were to be delivered. And in case of rescission by reason of the fraud of one of the parties, and a notice is required, it must be given in a reasonable time and ordinary diligence must be employed to detect the fraud.

In this case, however, at the time the agreement to purchase was entered into, appellee had not seen the machine, it was not present, and he relied alone upon the vendor's representations as to its condition. It was never delivered to appellee, nor did it ever come to his possession. After the agreement was made he examined it, and claims that it was almost worthless and entirely different from what it had been represented by appellant, and that there was such a fraud as excused him from taking the machine. The evidence is such as to have justified and even required the court, if asked, to submit the question of fraudulent representations to the jury under proper instructions. If, then, there was fraud by the appellant, he must have known the fact, and knowing he had perpetrated a fraud he knew that he thereby acquired no legal rights under the agreement. He knew that the appellee was not bound to receive and pay for the property, and hence had no right to insist upon the notice. Had he been in doubt as to whether appellee would go on with the contract notwithstanding the false representations, if any were made, he should have tendered the property, and then, and not till then, was appellee bound to notify him that he refused to receive the property.

It would, then, have been erroneous to give this instruction. It would have excluded from the consideration of the jury all

21—61st ILL.

question of fraud. It was for them to determine whether there was fraud in representing the condition of the property, and if so, then a notice from appellee that he would not take it was unnecessary. The instruction would have wholly excluded this question.

A careful consideration of the evidence fails to show that the verdict is against the evidence. On the contrary, it supports the finding.

No error being perceived in the record, the judgment of the court below is affirmed.

*Judgment affirmed.*