Syllabus.

# WILLIAM LOGG *et al.*

## *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. CRIMINAL PRACTICE—*witness not indorsed on indictment.* The prosecution is not confined to the list of witnesses indorsed on the indictment, but the court, in the exercise of a sound discretion, and having a strict regard to the rights of the public and the prisoner, may permit such other witnesses to be examined as the justice of the case may seem to require.

2. Where a. witness' name as indorsed on the indictment was *James* S. Hollett, instead of John, the true name, and when called, and objection being made to his testifying, he was withdrawn, and the State's attorney gave notice that he would call him afterwards, and after the examination of five other witnesses again called him, it not appearing that any other person of the name of Hollett was present at the time and place when and where the transaction occurred which was the subject of consideration on the trial, it was *held* no error to permit the witness to testify, and that if the defendants were taken by surprise it devolved upon them to show it.

3. INSTRUCTION—*singling out part of the facts proved.* The statute provides that the court, in charging the jury, shall only instruct as to the law of the case, and it is error to single out certain evidence, ignoring other evidence of equal importance, and tell the jury, if they believe the facts as proved by that evidence, how they shall find.

4. SAME—*summing up the evidence.* The practice of submitting the facts to the court for it to express its opinion to the jury whether a case has been made out, is not proper. An instruction intended as a summing up of the evidence and a decision thereon by the court adversely to a party, is erroneous.

5. SAME—*anticipating defence.* The prosecution or plaintiff is only obliged to present the law correctly in his instructions applicable to his theory of the case, and is not bound in every instruction to anticipate and exclude every possible defence.

6. ERROR—*as to refusing instructions—how presented.* The refusal of the court to give instructions for a party can not be considered on error, where the record fails to show what instructions were given in his behalf.

7. CRIMINAL LAW—*riot.* If two persons, while endeavoring to separate two others and prevent their quarreling and fighting, are struck, the one by one of the combatants and the other by another of the combatants, they both acting together, this is *prima facie* a riot on the part of the persons so striking, and if there are circumstances of defence it devolves upon them to show what they are.

WRIT OF ERROR to the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was an indictment in the Knox circuit court against William Logg, John Logg, and James Logg, for a riot.

The seventh and eighth instructions given for the People are as follows:

" 7. If the jury believe from the evidence, beyond a reasonable doubt, that James Logg and John Logg, while acting together, struck Amos Means at the school meeting in school district No. 9, in Ontario township, in Knox county, State of Illinois, in April, 1877, *not in necessary self-defence,* and in a riotous manner, then the jury are instructed that such striking is unlawful, and would constitute a riot on the part of said James and John Logg.

" 8. If the jury believe from the evidence, beyond a reasonable doubt, that at the school election in school district No. 9, in Ontario township, in Knox county, State of Illinois, in April, 1877, Martin Lowry and Amos Means were endeavoring to separate J. S. Hollett and James Logg and prevent them quarreling or fighting, and while so doing John Logg and James Logg struck Amos Means, and William Logg struck Martin Lowry, *and that such striking was not in necessary self-defence,* then by such acts, if proven beyond a reasonable doubt, the defendants are guilty of a riot, and the jury should find them guilty under the second count of the indictment."

The jury found the defendants guilty under the second count, and the court, after overruling a motion for a new trial, sentenced the defendants each to pay a fine of $50.

Messrs. MCKENZIE & CALKINS, and Mr. E. P. WILLIAMS, for the plaintiffs in error.

Mr. J. J. TUNNICLIFF, State's Attorney, for the People.

600      Logg *et al.* v. The People.      [Sept. T.

Opinion of the Court.

Mr. Justice Scholfield delivered the opinion of the Court:

The defendants were indicted and convicted, in the court below, of a riot. The second count of the indictment, and the one upon which the jury returned a verdict of guilty, charges that the defendants "then and there being together, did, unlawfully, tumultuously, and with force and violence, assault, beat, ill treat and wound Martin Lowry and Amos Means, with the unlawful intent then and there to assault said Martin Lowry and Amos Means, contrary," etc.

On the trial, the State's attorney offered to examine one John S. Hollett, as a witness on behalf of the People, but the counsel for the defendants objected to his examination upon the ground that his name did not appear correctly indorsed on the indictment. Thereupon the State's attorney withdrew the witness, and gave notice that he would call him afterwards—the indictment having the name of *James* S. Hollett instead of *John* S. Hollett indorsed. Subsequently, and after the examination of some five witnesses on behalf of the People, the State's attorney again offered to examine said Hollett, as a witness on behalf of the People. The defendants, by their counsel, again objected, upon the same ground as formerly, but the court overruled the objection and permitted the witness to give evidence. And this ruling is one of the errors assigned upon the record.

There was clearly no error in this. It has been the settled law of this State since the decision in *Gardner* v. *The People*, 3 Scam. 89, (decided in 1841,) that the prosecution "is not confined to the list of witnesses indorsed on the indictment and furnished previous to the arraignment; but that the circuit court, in the exercise of a sound discretion, and having a strict regard to the rights of the community and the prisoner, may permit such other witnesses to be examined as the justice of the case may seem to require." *Gates* v. *The People*, 14 Ill. 433; *Perteet* v. *The People*, 70 id. 171; *Smith* v. *The People*, 74 id. 144.

It .does not appear here that the defendants could have been surprised by the examination of this witness. There does not appear to have been any other person present of the name of Hollett at the time and place when and where the transactions occurred, which were the subject of consideration on the trial; and it is apparent the only mistake was in writing "*James*" instead of *John* in making the indorsement. It would, moreover, seem that the defendants, by the delay before examining the witnesses, after the notice was given that he would be examined, had ample time within which to prepare to meet his evidence. At all events, if this delay was not sufficient, and the defendants were really taken by surprise by the examination of the witness, it devolved upon them to affirmatively show it, and that they have not attempted.

After the evidence was heard the court gave, among others, the following instruction to the jury :

"5. If the jury believe from the evidence, beyond a reasonable doubt, that at a school election in school district No. 9, in Ontario township, in Knox county, Illinois, in April, 1877, Thomas J. Mansfield was requested by one Thomas Doyle, one of the directors, at the instance or request of John Logg, another director, and one of the defendants in this suit, to make a report as former clerk of the board of directors of said district, relative to the expenditures of certain moneys before made by him when clerk of the board, and that said Mansfield, in compliance with said request, proceeded in a quiet and peaceable manner to make ·such report, and that while making such report said defendant, John Logg, interrupted him by calling him a thief, a liar, and a son of a bitch, and that while said Mansfield was reading or making his report, and such expressions were being used by said John Logg, a son of said Mansfield came forward and stood by his father, when John Logg shoved up his sleeves and struck his fists in his hands and said, ' Come on, we are ready for you,' or words to that effect, and in a threatening manner ordered

said son to leave the house, and said son did leave the house, and that said defendant, James Logg, pursued him to the door, and shut the same after said son had gone out of the door, and that witness, Hollett, thereupon went to the door and opened it, and requested said son to come back, and while so doing, said defendant, James Logg, laid hold of said Hollett and shoved him back forcibly, and that thereupon Martin Lowry and Amos Means, or either of them, with a view to preventing any quarreling or fighting there by James Logg and said Hollett, endeavored to separate them, using no acts of violence, and that while they, or either of them, were there endeavoring to separate said Hollett and James Logg, John Logg assaulted and struck Amos Means, and William Logg struck Martin Lowry, if such is the proof, *and all the proof,* then the jury are instructed that such acts, *if proven beyond a reasonable doubt,* in law constitute a riot, and they should find the defendants guilty of riot under the second count of the indictment."

Our statute provides that the court, in charging the jury, shall only instruct as to the law of the case, (Rev. Stat. 1874, p. 781, § 52;) and we have, in many cases, held it is error for the court to single out certain evidence, ignoring other evidence of equal importance, and tell the jury if they believe the facts as proved by that evidence, how they should find. *Calef* v. *Thomas,* 81 Ill. 478; *Evans* v. *George,* 80 id. 51; *Ogden* v. *Kirby,* 79 id. 555; *The Rockford Ins. Co.* v. *Nelson,* 75 id. 548; *Hewett* v. *Johnson,* 72 id. 513.

It is denied, by some of the witnesses, that John Logg used the language towards Mansfield imputed by this instruction. It is also controverted, by some of the witnesses, that John Logg assumed the menacing attitude towards the son of Mansfield imputed by this instruction. And it is also controverted, by some of the evidence, that James Logg laid hold of Hollett and shoved him back, and that William Logg struck Martin Lowry. John Logg, James Logg, and William Logg, all

testify that James Logg was the assaulted and not the aggressor, in the part he took in the alleged riot. William Logg denies that he struck Martin Lowry, and both he and James Logg deny they were at the school house for the purpose of having a difficulty. There is some slight evidence, in addition, tending to support this view of the case. What our opinion of the relative weight of the evidence is, we do not deem important. It is sufficient, the law makes these defendants competent witnesses, leaving their credibility to the jury. They are entitled to have their evidence considered by the jury just as any other evidence is. The jury are to take into consideration their interest and feelings, and are not compelled to place reliance upon everything they say; but they may do so, if, under all the circumstances, they believe it to be true. An instruction, therefore, ignoring such evidence, or assuming it to be of no importance, is, necessarily, erroneous.

We can not regard the practice, resorted to by the use of this instruction, of submitting the facts to the court for it to express its opinion to the jury whether a case has been made out, as proper; but if such practice could be defended, it would certainly require a submission of all the evidence, and not a part simply.

The instruction was intended to be a summing up of the evidence and a decision thereon adversely to the defendants. It was error to give it.

The objection to the refusal of the court to give the defendants' instruction, as asked, can not be considered, because it does not appear what instructions were given on behalf of the defendants. For aught that we can know, the court's refusal may have been predicated upon the fact that the same instruction had been previously given.

We see no substantial objections to the seventh and eighth instructions given at the instance of the People. If the defendants, James and John Logg, acting together, struck Amos Means in a *riotous manner*, as is the hypothesis assumed in the seventh instruction, they could not have been *bona fide* acting

in self-defence on an appearance of danger sufficient to warrant persons of ordinary prudence and caution, in like circumstances, in so acting.

If the theory of self-defence had a foundation in the evidence, the defendants might, by an instruction, have presented their theory fully. The prosecution is not obliged, in instructions, to anticipate and exclude defences more definitely than is here done.

So, also, if Lowry and Means were endeavoring to separate Hollett and Logg and prevent their quarreling, and, while so doing, John Logg and James Logg struck Amos Means, and William Logg struck Martin Lowry, a riot is *prima facie* made out. And if there are circumstances of defence, it devolves upon the defendants to show what they are.

The prosecution or plaintiff is only obliged to present the law correctly, in his instructions, applicable to his theory of the case, and is not bound, in every instruction, to anticipate and exclude every possible defence.

For the error in giving the fifth of the People's instructions the judgment is reversed and the cause remanded.

*Judgment reversed.*