ELI GIFFORD

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa November 29, 1893.*

| | |
|---|---|
| 148 | 173 |
| 158 | 119 |
| 148 | 173 |
| 56a | 494 |
| 148 | 173 |
| 63a | 665 |
| 148 | 173 |
| d90a | [4]169 |
| 148 | 173 |
| h92a | [6] 82 |
| 148 | 173 |
| e202 | [1] 65 |

1. CRIMINAL LAW—*evidence tending to show a rape.* On the trial of one for the rape of a girl eleven years of age, the testimony of a physician, based on a personal examination made of the person of the girl six months after the alleged rape, that he found a rupture of her hymen, is competent evidence, in connection with the other facts and circumstances, to go to the jury. The remoteness of the examination from the time of the alleged rape goes merely to the probative force of the fact that the hymen was found to be ruptured at the time of the examination, and not to its admissibility.

2. SAME—*witness testifying whose name is not indorsed on indictment.* The prosecution in a criminal proceeding is not confined to the witnesses whose names are indorsed on the indictment, but the court may, in the exercise of a sound discretion, permit other witnesses to be

examined, as the justice of the case may seem to require, having due regard to the rights of both the People and the prisoner.

3. If the admission of a witness to testify for the prosecution, whose name is not indorsed on the indictment, and without notice, is a matter of surprise to the defendant, he should show that fact, and on his failure to do so it can not be said that the discretion of the court in allowing such witness to testify has been abused.

4. IMPEACHMENT OF WITNESS—*on his reputation for veracity.* The proper mode to impeach or sustain a witness for truth and veracity is to first ask the witness whether he knows the general reputation of the person sought to be impeached or sustained, among his or her neighbors for truth and veracity, which question the witness must answer in the affirmative before he or she can be asked what that reputation is.

5. A witness can not be impeached or sustained by proof of the individual knowledge of a witness of his or her character. The rule requires proof of general reputation, and if a witness, upon being asked the proper question, volunteers his opinion as to what that reputation is, without being asked for it, it is the duty of the court, upon motion, to exclude it from the jury.

6. It is not necessary that the impeaching or sustaining witness should have heard any considerable number of the neighbors of the witness sought to be impeached or sustained, speak of his reputation for truth and veracity. It may very well be, that the reputation for truth and veracity, or chastity, or common honesty of a person may be known among his neighbors and acquaintances, without the witness having heard it discussed.

7. The character or standing of one whose word passes current among his associates and neighbors, or who is received and accepted in society as a virtuous man or woman, or whose honesty is not questioned in the community in which he lives, will ordinarily excite no discussion or comment, and yet every person in the community knows that he or she is accepted, recognized and reputed to be a truthful, virtuous or honest person.

8. PRACTICE—*when great care is necessary in instructions and in the admission of evidence.* Where the testimony is conflicting and the case is close, the jury should be correctly instructed, and nothing be permitted to reach them that may improperly influence their verdict.

9. INSTRUCTION—*repeating.* There is no error in refusing an instruction asked by a defendant, when every principle of law contained in it is amply covered by other instructions given on his behalf.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

Mr. JOHN T. DONAHUE, for the plaintiff in error.

Mr. M. T. MOLONEY, Attorney General, for the People.

Mr. CHIEF JUSTICE BAKER delivered the opinion of the Court:

Eli Gifford was indicted for the crime of rape upon the person of his daughter, eleven years old, and was convicted by a jury, and sentenced to confinement in the penitentiary for a term of twenty-five years. The case is most revolting in its details, and if the defendant is guilty the punishment inflicted is richly merited.

As, in the view we take, the case must be again submitted to a jury, we refrain from a discussion of the evidence, further than to say that the case made by the People depends almost entirely upon the testimony of the child, which is flatly and circumstantially contradicted by the defendant. The jury were required to say whether they would believe the prosecutrix or the defendant. The girl was slightly corroborated by the testimony of her brother George, and possibly by that of Dr. Borland, while, on the other hand, she was contradicted by the defendant, and by various facts and circumstances tending to discredit her statements. The defendant showed that his general reputation among his neighbors for chastity was good, and introduced evidence tending to account for the physical conditions found by Dr. Borland upon his examination of the prosecutrix, and also the testimony of a number of witnesses tending to impeach her character for truth and veracity.

Where the testimony is conflicting and the case close upon its facts, we have so frequently held that the jury should be correctly instructed and nothing be permitted to reach them that might improperly influence their verdict, that the citation of cases is unnecessary. Here the testimony is conflicting, and the case is conceded by the Attorney General to be very close in its facts, and while the evidence may warrant a con-

viction, yet it does not so clearly preponderate in favor of the prosecution as that we can say that the errors that have intervened were not prejudicial.

After evidence had been introduced tending to show the general bad character of the prosecutrix for truth and veracity, the State's attorney called in rebuttal, among others, Jessie Meyers and Mrs. Raesel. Mrs. Raesel was asked, among other things, if she knew the prosecutrix, and how long she had known her, and answered that she did, and had lived near her six months, and saw her often during that time. She was then asked the following question: "I will ask you if you know what her reputation among the people where she lived at that time was for truth and veracity," and answered, "Well, it was as good as any child's could be." Question: "Did you ever hear anything said against this girl's character in your life?" Answer: "No, sir." The defendant moved the court to strike out this testimony and exclude it from the jury. The court overruled the motion, and the defendant excepted. Practically the same examination occurred in respect to the witness Jessie Meyers, and the like ruling made, overruling the defendant's objection and motion to exclude.

The finding of the jury upon the issue of guilt or innocence depended upon the credit given to the testimony of the prosecutrix, and it can scarcely be doubted that the evidence of these witnesses, testifying to their personal knowledge, although they had known the prosecutrix but a few months, would tend to give her credit with the jury. It will be observed, also, that the general reputation of the witness was not asked for. The proper inquiry in all such cases is, whether the witness knows the general reputation of the person sought to be impeached or sustained, among his or her neighbors, for truth and veracity, which question the witness must answer in the affirmative before he or she can be asked what that reputation is. *Foulk* v. *Eckert*, 61 Ill. 318; *Frye* v. *Bank of Illinois*, 11 id. 367; *Cook* v. *Hunt*, 24 id. 535; *Crabtree* v.

*Hagenbaugh,* 25 id. 233 ; *Dimick* v. *Downs,* 82 id. 570 ; *Laclede Bank* v. *Keeler,* 109 id. 385 ; *Gifford* v. *The People,* 87 id. 210.

It is too familiar to require the citation of authority, that a witness can not be impeached or sustained by proof of the individual knowledge of a witness of his or her character, but that the rule requires proof of general reputation. If a witness, upon being asked the proper question, volunteers his opinion as to what the reputation is, without being asked for it, it is the duty of the court, upon motion, to exclude it from the jury. (*Crabtree* v. *Hagenbaugh, supra.*) It is not necessary, as seems to have been supposed by counsel on both sides in this case, that witness should have heard any considerable number of the neighbors of the witness sought to be impeached or sustained, speak of his reputation for truth and veracity. It may very well be that the reputation for truth and veracity, or chastity, or common honesty of a person may be known among his neighbors and acquaintances without having heard it generally discussed. Indeed, one whose word passes current among his associates and neighbors, or who is received and accepted by society as a virtuous man or woman, or whose honesty is not questioned in the community in which he lives, will ordinarily excite no discussion or comment, and yet every person in the community knows that he or she is accepted, recognized and reputed to be a truthful, virtuous or honest person.

Dr. L. C. Borland testified at the trial that some five or six months after the alleged rape he made an examination of the prosecuting witness, and found that her hymen was somewhat ruptured. It is urged that the court erred in not excluding this testimony from the jury. It appears from the record that this evidence was admitted without objection, and it does not appear from the abstract, and we have been unable to find in the record, that any motion to exclude it was either made at the trial or passed upon by the court. But, even waiving this point, the fact that the girl's hymen was ruptured was a cir-

cumstance proper to be considered, along with the other facts and circumstances in the case, and the remoteness of the examination from the time of the alleged rape goes merely to the probative force of the fact that the hymen was found to be ruptured at the time of the examination, and not to its admissibility.

It is urged that it was error to permit George H. Gifford to be examined as a witness on the part of the prosecution, over the objections of the defendant, on the ground that his name was not endorsed on the back of the indictment, and no notice was given that he would be introduced as a witness. The rule is, that the prosecution is not confined to the witnesses endorsed on the indictment, but that the trial court may, in the exercise of a sound discretion, permit such other witnesses to be examined as the justice of the case may seem to require, having due regard to the rights of both the public and the prisoner. (*Logg et al.* v. *The People,* 92 Ill. 598, and cases there cited.) Here the witness was a son of the accused and a brother of the prosecutrix, and lived in the family at the time of the alleged rape, and was one of the important witnesses introduced by the defendant himself. It is highly improbable that his testimony worked a surprise upon the defendant. Besides this, as was said in *Logg* v. *The People, supra,* if the defendant was really taken by surprise by the examination of the witness, it devolved upon him to show it. This he did not do, nor has he attempted it here. We are unable to say that there was an abuse by the court of its discretion.

It was not error to refuse one of the instructions that was asked by defendant, and for the reason that every principle of law contained in it was amply covered by other instructions that were given on his behalf.

We are of the opinion that for the errors indicated herein the judgment of the Criminal Court should be reversed and the cause remanded for re-trial, which is accordingly done.

*Judgment reversed.*