## Fred Schmaedeke v. The People.

1.  INTOXICATING LIQUORS—*Sale to Habitual Drunkards.*—The sale of liquor to a person in the habit of getting intoxicated is not authorized as a converse proposition by the act of 1887, which declares that whoever, outside of the incorporated limits of any city, town or village, sells any intoxicating liquors of any kind in any quantity less than five gallons and in the original package as put up by the manufacturer, shall be fined, etc.

2. CRIMINAL LAW—*Witnesses Whose Names are not on the Indictment.*—In criminal prosecutions the people are not confined to the witnesses whose names are indorsed on the indictment. The court, in the exercise of a sound discretion and with due regard to the rights of the public and the prisoner, may permit such other witnesses to testify as the justice of the case may seem to require.

3. SAME—*Verdict Need not State the Name of an Adult Defendant.*—The act of June 18, 1891, requiring the jury to find in their verdict whether or not the defendant is between the ages of ten and twenty-one years, and if between such ages to state his age, has no application to adult defendants.

Indictment.—Selling liquor to a person in the habit of getting intoxicated. Error to the Circuit Court of Ford County; the Hon. ALFRED SAMPLE, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 6, 1895.

F. A. MITCHELL, E. C. GRAY and M. H. CLOUD, attorneys for plaintiff in error.

A. L. PHILLIPS, state's attorney, and C. H. PAYSON, attorneys for defendants in error.

MR. PRESIDING JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

Plaintiff in error was convicted and sentenced on two counts of an indictment charging sales of intoxicating liquor to one David Sandstedt, who was in the habit of getting intoxicated.

His place of business was just outside the limits of the city of Paxton, where he sold only lager beer, and that only in quantities of not less than five gallons, and in the original packages as put up by the manufacturers. He did not, however, confine his sales to dealers. Sandstedt was a city drayman. He says that two or three times he bought a case of twenty-six bottles, containing five gallons, for his own use, took it home and drank it in the cellar. His own testimony, with that of the city marshal and two others, concurring and wholly uncontradicted, clearly tended to prove his habit as charged.

It is claimed that these sales were authorized by the act

of 1887, which declares that "Whoever shall, outside of the
incorporated limits of any city, town or village,    *    *    *
sell    *    *    * any intoxicating liquors of any kind in any
less quantity than five gallons, and in the original package
as put up by the manufacturer, shall, for each offense, be
fined," etc.  The position taken is that this implies the con-
verse, viz., that whoever shall sell at such place in quantity
not less than five gallons and in the original packages, shall
not be fined, etc.

Whatever might be the implication otherwise, it clearly
might be excluded by other and consistent provisions, as by
a statute prohibiting all sales of liquor on Sundays or gen-
eral election days.

The act relied on is found in the revised statutes as the
concluding sections of chapter 43, which is the dram shop
law.  The indictment here was found under section six of
that chapter, which enacts that "whoever, by himself, or
his agent or servant, shall sell or give intoxicating liquor to
any minor, without the written order of his parent, guard-
ian, or family physician, or to any person intoxicated or
who is in the habit of getting intoxicated, shall for each
offense be fined," etc.  We see nothing to hinder the appli-
cation of this section to original package dealers more than
to licensed dramshop keepers.  It does not prohibit the
sale by either, one in quantities less than one gallon and
the other in quantities not less than five, but does prohibit
both from so selling to any person of either class therein
mentioned.  The right to sell at all, even in the limited
quantities respectively stated, depends in the one case upon
the license and in the other upon the place of sale and the
package of the article, but surely this does not prevent a
further restriction to both, having reference to the age,
condition and habit of the vendee.  Cruse v. Aden, 127 Ill.
235; Dennehy v. The People, 120 Id. 627.

It appears that names of four witnesses were indorsed on
the indictment, including that of Fred Sandstedt.  No one
bearing either was called on the trial.  But David Sand-
stedt, named in the indictment as the vendee, and three

others, were examined, against objection on that ground by the defendant; and this is said to have been an abuse of the discretion allowed to the court in that matter, but only in going somewhat further in that direction than is known to have been gone in any other case. The rule is established that in criminal prosecutions the people are not confined to the witnesses whose names are indorsed on the indictment, but the court in the exercise of a sound discretion and with due regard to the rights of the public and the prisoner, may permit " such other witnesses to testify as the justice of the case may seem to require." There can be no objection on his part to the prosecutor's waiving the use of any or all whose names are so indorsed, and we know of no rule limiting the number that may be so substituted. If the defendant here was surprised and prejudiced by their admission, it devolved upon him to show it. Logg v. The People, 92 Ill. 598; Gifford v. The People, 148 Id. 173; Trask v. The People, 151 Id. 523. He has made no attempt to show that it did and we see no reason for presuming it. He must have expected the vendee would be called to prove the sale. The only other question of fact in issue was that of his habit, which was largely a matter of opinion or conclusion from particular facts observed. He had lived in Paxton twenty-four years, following a business that exposed him to general observation. Defendant could hardly have expected to contradict the witnesses who were admitted as to the facts, but must have relied on the observation of others at other times and under other circumstances. By their admission, he was not precluded from calling such others as he might desire. He called none on that question; the only witness called on his behalf was himself—rather indicating thereby that he did not make any question as to the habit. He testified that though he knew Sandstedt drank liquor he did not know he was in the habit of getting intoxicated. We can not say the ruling was error.

It is said the verdict is not sufficient to support the judgment because it fails to find " whether or not the defendant is between the ages of ten and twenty-one years," in

conformity with section 10 of chapter 118 of the revised statutes. This point is met by the case of Sullivan v. The People, 156 Ill. 94.

We have considered the several complaints of error in giving and refusing instructions. No authority is cited in support of either of them, and we are of opinion that in each instance the action of the court is sustained by principles too well settled and familiar to require their re-statement here. The judgment will be affirmed.