[Crim. No. 20.   Third Appellate District.—February 8, 1906.]

THE PEOPLE, Respondent, v. WERT DARR, Appellant.

CRIMINAL LAW—RAPE—EVIDENCE—ADMISSIONS OF DEFENDANT.—In a prosecution for rape upon a girl thirteen years of age, the *corpus delicti* having been established by independent evidence, the defendant's admissions to the effect that he could go to her bedroom and have intercourse with her at any time, without her parents hearing him, or having knowledge of the fact, are sufficient to sustain a conviction.

ID.—EXAMINATION OF JURORS.—The probable or possible effect of the argument upon them is not a legitimate subject of inquiry upon the examination of jurors on their *voir dire.*

ID.—WITNESS' OPINION OF DEFENDANT'S GUILT.—Where the direct examination of a witness for the prosecution was confined to declarations made by the defendant in her presence, she cannot be cross-examined as to her expressions of opinion touching his guilt.

ID.—ACCUSATION BY PROSECUTRIX AGAINST THIRD PERSON.—On a trial for rape, where, on the cross-examination of the prosecutrix, the fact was elicited that she had charged another person with the offense, she may be asked on redirect examination to explain her reasons for so doing.

ID.—ANIMUS OF WITNESS—ARGUMENT ON FORMER TRIAL.—A witness for the prosecution cannot be cross-examined touching his presence at a former trial, and his knowledge of the trend of the argument then made by the district attorney, the real object of such examination being to place before the jury portions of such argument seemingly inconsistent with the theory of the prosecution in the trial then pending. Such testimony could have no bearing in showing the animus of the witness.

APPEAL from a judgment of the Superior Court of Mendocino County, and from an order refusing a new trial. J. Q. White, Judge.

The facts are stated in the opinion of the court.

Thomas, Pemberton & Thomas, for Appellant.

U. S. Webb, Attorney General, and Robert Duncan, District Attorney, for Respondent.

McLAUGHLIN, J.—The defendant stands convicted of rape upon a girl thirteen years of age. He appeals from the judgment and from the order denying his motion for a new trial.

His principal contention is that there was no evidence to warrant the verdict of the jury. After a careful, painstaking examination and analysis of the evidence contained in the record we are convinced that it is sufficient to support the verdict and judgment. That some person committed rape on this mere child is evidenced by the birth of a son when she was but one month over fourteen years of age. And we think the admissions of the defendant clearly point to him as the man who committed the particular act upon which the prosecution elected to rely. His rehearsal of the conver-

sation with Pendegast is very damaging, and his story touching statements made to members of the family and in the presence of the officers dovetails with other evidence in the same behalf. In fact, his testimony confirms that given by most of the witnesses to whom he proclaimed his responsibility for the ruin of this unfortunate child. He differs with some of them, but in no instance does he deny having had conversations with the witness for the prosecution whose testimony as to admissions he disputes. On the main vital fact there is a sharp conflict, but in designation of times and places, and in minor details of the conversations, his testimony is strikingly corroborative of theirs. The explanations offered to excuse the admissions not denied by him are far from satisfactory. Having admitted that he was at her bedroom window, and that he opened the window, and placed a stick under it, the jury were not bound to accept his version of what subsequently transpired. They were authorized to believe that he spoke from experience, and to accept the verity of his boast that he could go to that bedroom and have intercourse with the prosecutrix at any time, without her parents hearing him or having knowledge of the fact. It is said that these admissions were the mere mouthings of a drunken prevaricator. But many of them were made when he was sober, and the *corpus delicti* having been established by independent evidence, such admissions alone were sufficient to prove guilt. It is difficult to imagine how an innocent man, even when drunk, could confess an infamy branding him as the author of lasting sorrow, ruin, and shame to this child. And it is still more difficult to conceive how any man, in his cups or otherwise, could so closely connect his maudlin story with surrounding circumstances and incriminating evidence unless there was a modicum of truth in what he said. But be that as it may, it is dangerous to boast of bestial and shameless acts, to the commission of which the law attaches a penalty. Many have gone to the gallows to forfeit a life for a life through the medium of their own admissions, and we can see no reason why such evidence should not be as potent in cases where the punishment is less severe, though in the sight of heaven the crime is more atrocious.

We do not think there was error in the rulings made during the examination of jurors on their *voir dire*. Argument

to a jury is sanctioned by law, and the probable or possible effect of that which the law sanctions is hardly a legitimate subject of inquiry in determining the qualifications of a juror.

We will notice only these assignments of error relating to the admissibility of evidence which were deemed worthy of notice in the briefs and argument. The objection to the question asked Mrs. Dearborn on cross-examination was properly sustained. The direct examination of this witness was confined to declarations made by the defendant in her presence. Her expression of opinion touching defendant's guilt was not germane to such inquiry. There was no error in permitting the prosecutrix on redirect examination to explain her reasons for first charging Harry Docker with the offense. This matter was gone into on cross-examination, as tending to discredit her testimony, and hence explanations were in order and were perfectly legitimate. The father was asked, on cross-examination touching his presence at a former trial and his knowledge of the trend of the argument then and there made by the district attorney. The real object of this line of questions was to place before the jury portions of such argument seemingly inconsistent with the theory of the prosecution in the trial then pending. Such evidence was both irrelevant and incompetent. Even the shrewdness and ingenuity displayed by counsel in leading up to and framing the questions could not make such evidence admissible as bearing on the animus of the witness. It had nothing to do with the question of animus, which had been fully exploited in other parts of the cross-examination. There was no error in refusing the instruction relating to the duty of each individual juror. (*People* v. *Perry,* 144 Cal. 755, [78 Pac. 284] ; *People* v. *Rodley,* 131 Cal. 259, [63 Pac. 351].) The charge of the court fully, clearly and fairly stated the law to the jury. The district attorney was not guilty of misconduct calling for reversal. It would have been better had the prosecuting officer been more careful, but we cannot say that he so far forgot himself as to inject reversible error into a record otherwise clear. Besides, the court gave a pointed instruction referring directly to the objectionable remarks, and, under these circumstances, no harm could have resulted to appellant. Other errors assigned and argued have been examined, but it could serve no useful purpose to lengthen this opinion by re-

ferring to each of them. It is enough to say that there is no prejudicial error in the record.

The judgment and order are affirmed.

Chipman, P. J., and Buckles, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 9, 1906.