## MESSEL *v.* THE STATE OF INDIANA.

[No. 21,844.   Filed June 27, 1911.]

1. APPEAL.— *Briefs.— Rules.— Waiver.*— Though appellant's brief does not strictly comply with the rules of the Supreme Court, the court may consider the questions sought to be presented.   p. 216.

2. RAPE.— *Physical Examination of Victim.— Evidence.— Physicians.*—The testimony of physicians as to the physical condition of a child on whom the crime of rape was alleged to have been

committed, is admissible in a prosecution for such crime, though their testimony did not connect defendant with the crime charged. p. 217.

3. RAPE.—*Essentials.*—*Evidence.*—To procure a conviction for rape it is necessary for the State to prove beyond a reasonable doubt the *corpus delicti* and defendant's agency as the cause; and testimony tending to prove either element is admissible in the prosecution. p. 217.

4. RAPE.— *Infants.*— *Corpus Dilicti.*— *Elements.*— Proof that the victim of an alleged rape was not twelve years old and that she had been sexually used sufficiently shows the *corpus delicti* of rape. p. 217.

5. RAPE.—*Evidence.*—Testimony that an infant girl eleven years old had been sexually used, that the victim had complained of such treatment, and that defendant admitted the crime before trial and upon his arraignment in preliminary examination, sustains a verdict of guilty, though defendant contradicted such testimony at the trial. pp. 218, 220.

6. RAPE.—*Evidence.*—*Complaints of Victim.*—In a prosecution for rape, testimony of the complaints of the victim, though dead, is admissible; but proof of what she said is not competent. p. 218.

7. CRIMINAL LAW.—*Corpus Delicti.*—*Circumstantial Evidence.*— Proof of the *corpus delicti* may be shown by circumstantial evidence. p. 218.

8. CRIMINAL LAW.—*Confessions.*—*Corpus Delicti.*—Extra-judicial confessions alone are not sufficient to prove the *corpus delicti;* but when coupled with corroborative evidence thereof, they may be sufficient. p. 219.

9. CRIMINAL LAW.— *Corpus Delicti.*— *Confessions.*— *Evidence.*— Where the corpus delicti has been established by independent evidence, the accused's responsibility for it may be established by a voluntary extra-judicial confession, or by a confession in open court by a plea of guilty. p. 219.

10. CRIMINAL LAW.—*Instructions.*—*Bill of Exceptions.*—*Appeal.*— No questions on instructions can be raised on appeal in a criminal case, where such instructions were not brought into the record by a bill of exceptions. p. 220.

From Vanderburgh Circuit Court; *Curran A. DeBruler,* Judge.

Prosecution by The State of Indiana against Clark Messel. From a judgment of conviction, defendant appeals. *Affirmed.*

*Ernest J. Crenshaw,* for appellant.

*Thomas M. Honan,* Attorney-General, *Thomas H. Brana-man, Edwin Corr* and *James E. McCullough,* for the State.

Cox, J.—Appellant was convicted by a jury of the crime of rape, his eleven year old daughter being the victim, and was adjudged to suffer imprisonment for life as his punishment, as provided by the criminal code. §2250 Burns 1908, Acts 1907 p. 85.

From the judgment of conviction this appeal is prosecuted on the assignment of error that the trial court erred in overruling the motion for a new trial.

Under this assignment, it is stated in appellant's brief that the errors relied on for reversal are (1) the admission of certain designated testimony over appellant's objection; (2) the court's refusal to strike out that testimony; (3) overruling a motion claimed to have been made by appellant's attorney at the close of the testimony for the State to instruct the jury to find for appellant; (4) failure to instruct the jury as to the different degrees of, or offenses included in, the crime as charged in the indictment, and instructing the jury as to the crime of rape only.

A rigid adherence to the fifth clause of rule twenty-two of the rules of this court would prevent a consideration of any of these questions, for there is a failure to make appellant's brief comply with the requirements of that part of the rule. The brief does not contain, in whole or in part, either the motion for a new trial or the motion for a peremptory instruction, or any instructions either given, or offered and refused. Disconnected fragments of the testimony of a part only of the witnesses are set out. But as the offense of appellant is of the gravest and most atrocious character, his punishment fixed by law, and the sentence of the court severe, as he prosecutes his appeal as a poor person, as his counsel is manifestly of limited experience, and as the case must be affirmed in any event, we therefore give consideration to the questions sought to be presented. But in

doing this, in this instance, we do not want to be understood as intending to weaken the force of the rule named, that was promulgated for a salutary purpose, or in any sense approving or excusing a neglect to comply with it.

Two practicing physicians and surgeons, one the police surgeon of the city of Evansville and the other coroner of Vanderburgh county, were called as witnesses for the 2. State, and were permitted to testify, over the objection of appellant, that they had made a physical examination of the child victim of the alleged crime, to detail the condition of her person with relation to such crime as they found it to be, and to give their opinions that such condition was due to sexual connection. The reception of this testimony, and the refusal to strike it out, form the basis of appellant's first and second presentation of error, as before stated. That the court did not so err is clear and firmly settled. *Polson* v. *State* (1894), 137 Ind. 519; *People* v. *Benc* (1900), 130 Cal. 159, 62 Pac. 404; *People* v. *Figueroa* (1901), 134 Cal. 159, 66 Pac. 202; *State* v. *King* (1902), 117 Iowa 484, 91 N. W. 768; *Gifford* v. *People* (1893), 148 Ill. 173, 35 N. E. 754; *State* v. *Teipner* (1887), 36 Minn. 535, 32 N. W. 678; *State* v. *Scott* (1903), 172 Mo. 536, 72 S. W. 897; *Pless* v. *State* (1887), 23 Tex. App. 73, 3 S. W. 576; Lawson, Expert and Opinion Ev. (2d ed.) p. 123; Underhill, Crim. Ev. (2d ed.) §412; 33 Cyc. 1470, 1475.

The objection is made that the testimony did not connect the appellant with the condition of the child as a cause. This was not necessary. Two things were necessary to be proved beyond a reasonable doubt before appellant could be 3. convicted, namely the *corpus delicti*—the fact that the crime of rape had been committed on the child—and the agency of appellant in the commission of that crime. The evidence under consideration was competent and 4. material in proving the first. With the fact proved beyond a reasonable doubt that she had been sexually used, and also that she was under twelve years of age, the

*corpus delicti* would be proved, for being unable to give consent, sexual connection with her would be within the ban of the law.   It must be obvious that proof of the *corpus delicti* may be made without first connecting the person charged. *People* v. *Tarbox* (1896), 115 Cal. 57; *People* v. *Darr* (1906), 3 Cal. App. 50.

That there was ample evidence to submit the question of appellant's guilt to the jury, and fully to sustain their verdict, seems to us to be entirely clear.   At the trial the 5.   child did not testify.   The evidence shows that she died three days after the appellant's arrest, but from what cause it does not appear.   It shows that she was then but two weeks more than eleven years old.   The two physicians before referred to testified in behalf of the State to the examination that they had made of the person of the child, and stated that they found the outer parts of her sexual organs enlarged, the hymenial membrane totally destroyed, and such a condition present as, in their opinion, could only have been caused by sexual connection.   An officer of the local board of children's guardians testified that the child had made complaint to him of appellant's conduct toward her. This officer also testified that appellant had admitted to him that he had subjected the child to intercourse with him, and gave the confession in detail.   He further testified that when appellant was arraigned in the city court for preliminary examination, he had pleaded guilty.   Like testimony of admissions of guilt, and of appellant's pleading guilty in the city court, was given in behalf of the State by two other witnesses, members of the detective force of the city of Evansville.   It was competent to prove the fact that the 6.   victim of the alleged crime made complaint, although she was not a witness.   This is the rule where the victim is dead, or is incompetent to testify by reason of infancy or imbecility, but it does not permit of course proof of what she said.   *People* v. *Figueroa, supra;* 33 Cyc. 1468.

The *corpus delicti* may be proved by circumstantial evi-

dence the same as any other material fact necessary
7. to be proved. *Flower* v. *United States* (1902), 116
Fed. 241, 247, 53 C. C. A. 271; *Dimmick* v. *United
States* (1905), 135 Fed. 257, 263, 70 C. C. A. 141; *Isaacs* v.
*United States* (1895), 159 U. S. 487, 490, 16 Sup. Ct. 51, 40
L. Ed. 229; *Stocking* v. *State* (1855), 7 Ind. 326, 330; *Mc-
Culloch* v. *State* (1874), 48 Ind. 109, 112, 113; *Siefert* v.
*Slate* (1903), 160 Ind. 464, 470, 98 Am. St. 340; *Griffiths* v.
*State* (1904), 163 Ind. 555; 12 Cyc. 488; 6 Am. and Eng.
Ency. Law (2d ed.) 582, and authorities cited; 7 Am. and
Eng. Ency. Law (2d ed.) 862, 863; Gillett, Crim. Law (2d
ed.) §873.

The extra-judicial confession of the defendant alone is not
sufficient to prove the *corpus delicti;* but such confession
may be considered with independent corroborative
8. facts, not of themselves sufficient to prove the *corpus
delicti* beyond a reasonable doubt, to prove that the
offense was committed. 6 Am. and Eng. Ency. Law (2d ed.
569, 582; 12 Cyc. 484; *State* v. *Guild* (1828), 10 N. J. L.
192, 18 Am. Dec. 404; *Winslow* v. *State* (1884), 76 Ala. 42,
47; *Sullivan* v. *State* (1899), 40 Tex. Cr. 633, 51 S. W. 375;
*Ryan* v. *State* (1893), 100 Ala. 94, 95, 14 South. 868; *People*
v. *Badgley* (1836), 16 Wend. 53, 59; *State* v. *Hall* (1888), 31
W. Va. 505, 509, 7 S. E. 422; *Gray* v. *Commonwealth* (1882),
101 Pa. St. 380, 386, 47 Am. Rep. 733; *Commonwealth* v.
*Tarr* (1862), 4 Allen 315, 316; *Blackburn* v. *State* (1872), 23
Ohio St. 146, 164; *State* v. *Jacobs* (1899), 21 R. I. 259, 261,
43 Atl. 31; *People* v. *Tarbox* (1896), 115 Cal. 57, 62, 46 Pac.
896; *Griffiths* v. *State, supra.*

Here we have as the State's case not only competent inde-
pendent evidence to prove the *corpus delicti,* but the sup-
port added to it of appellant's extra-judicial confession, and
his admission of guilt when arraigned in court for prelim-
inary examination.

In a prosecution for rape such as this, when the *corpus
delicti* has been established by independent evidence, the

connection with it of the person charged as the perpetrator of the offense may be established by a voluntary extra-judicial confession alone, and surely by a confession made in open court by an uninfluenced plea of guilty. Indeed, the rule seems to be that upon such a confession as the latter, both the *corpus delicti* and the instrumentality of the person charged may rest. *State* v. *Icenbice* (1904), 126 Iowa 16; *People* v. *Darr, supra; Griffiths* v. *State, supra; State* v. *Guild, supra;* 12 Cyc. 483; 33 Cyc. 1487; 6 Am. and Eng. Ency. Law (2d ed.) 582, 586.

To meet the foregoing, the most salient facts in evidence for the State, appellant presented two physicians who had made no examination of the child, who testified, as experts, that her condition might have been brought about by other causes, but admitted that it was entirely consistent with one or more acts of intercourse with appellant. This testimony, and that of appellant, whose testimony, aside from a rather unsatisfactory denial of both the charge and his confessions, did not meet that of the State, constituted the substance of the defense. With this evidence before it, with the support that minor parts and phases of it gave, that we have not thought necessary to detail, we cannot feel otherwise than that a different verdict by the jury would have been a miscarriage of justice.

No question based on the instructions given or not given can be considered, for instructions given or refused, and the exceptions arising thereon, must be presented to this court for review, by making them a part of the record by bill of exceptions, which has not been done in this case. *Donovan* v. *State* (1908), 170 Ind. 123; *Stucker* v. *State* (1908), 171 Ind. 441; *Carr* v. *State* (1911), 175 Ind. 241.

Finding no error in the record, the judgment is affirmed.