# CHARLESTOWN.

## STATE *v.* HALL.

Submitted September 14, 1888.—Decided September 19, 1888.

1. JURIES AND JURORS—IMPANELLING—CRIMINAL PRACTICE.
    When a jury is to be impanelled in a felony-case, it is not necessary to put the names of those summoned into a box and draw
64

from such box the names of twenty jurors. The law is satisfied if the sheriff selects them. (p. 507.)

2. EVIDENCE—TRIAL—ADMISSIONS—*CORPUS DELICTI*—CRIMINAL PRACTICE.

The admissions of the prisoner are competent evidence tending to prove the *corpus delicti.* (p. 509.)

3. EVIDENCE—STATEMENTS MADE ON PRELIMINARY EXAMINATION.

No statement made by one accused of crime, while a witness testifying on his own behalf before a justice on his preliminary examination, can be used against him on his trial. Code, ch. 152, § 20. (p. 507.)

4. ATTORNEYS-AT-LAW—ARGUMENT OF COUNSEL—LIMITATION AS TO TIME.

In a criminal trial the court has a discretion to limit the time to be consumed by counsel in their arguments to the jury,—a discretion with which the appellate court will not interfere, unless the record shows clearly that injustice was done the prisoner by such limitation. Under the circumstances of the case, *held,* that one and three quarter hours on each side was not an unreasonable limitation. (pp. 507, 508.)

*French & French* and *C. W. Smith* for plaintiff in error.

*Attorney-General Alfred Caldwell* for the State.

JOHNSON, PRESIDENT:

This is an indictment jointly found against Stape Hall, Bailey Hall, and Will Cox, whose real name was J. W. Shores, and he was tried and convicted in that name. The statement of the case will be found in the preceding case of *State* v. *Shores, supra* 491. The prisoner was convicted and sentenced to confinement in the penitentiary for one year. To the judgment he obtained a writ of error.

He assigned the following errors, which have been passed upon in the *Case of Shores, supra : First,* the overruling of the demurrer, for the same reasons stated in *Shores's Case; second,* permitting the attorney for the State to strike off two jurors from the panel of twenty ; *third,* because the sheriff and his deputies were not sworn each day they had charge of the prisoner; *fourth,* because the attorney for the State was not required to elect on which count in the indictment he would proceed. He was not prejudiced by any of these rulings so decided in *Shores's Case.*

He further assigned as error that the panel of twenty jurors was not selected by ballot. Section 3 of chapter 159 of the Code provides that " in case of felony twenty jurors shall be drawn from those in attendance for the trial of the accused. If a sufficient number of jurors for such panel can not be procured in this way, the court shall order others to be forthwith summoned and selected, until a panel of twenty jurors, free from exceptions, be completed," *etc.* The bill of exceptions shows that when the case was called for trial the sheriff, under the direction of the court, selected from the jurors attending upon the court, who had been duly drawn and summoned according to law, a panel consisting of twenty of said jurors. It being shown that by an order of this court, made at the last November term, twenty four jurors were directed to be drawn and summoned to attend this term, and that they were so drawn and summoned ; that twenty three of said twenty four attended in obedience to said summons, of whom two have been excused on account of sickness before the calling of this case, leaving only twenty one of the said jurors in attendance, out of which the sheriff, under direction of the court, put the names of twenty in the box, in this case, without selecting by ballot. The prisoner, Bailey Hall, moved to quash the panel because it was illegally made up. The court did not err in refusing to quash the panel. The statute does not require that after they have been drawn and summoned to attend their names should be put in a box and drawn therefrom by ballot. We see no irregularity in selecting the panel.

It is also assigned as error that the court permitted the prosecuting attorney to prove the statement made by the prisoner when he was before the justice on his preliminary examination. This was error.. Code, ch. 152, § 20, provides that "in criminal prosecution other than for perjury, evidence shall not be given against the accused of any statement made by him as a witness upon a legal examination." The proving of such statement made against the prisoner of what he said while a witness on his preliminary examination was against the provisions of the statute.

It is also insisted that the court erred in limiting counsel in their arguments to one and three-quarter hours on each side. The court asked counsel on each side what time they

wanted, and, counsel naming no time, the court fixed one and three-quarter hours on each side. The attorney for the State answered that it was sufficient for the State, and the prisoner's counsel objected to being limited, but named no time they desired to occupy, and objected and excepted to the limitation. We decided in *Shores's Case, supra*, that the limitation of counsel in a felony case is within the sound discretion of the trial-court, and the appellate court would not interfere with that discretion unless it clearly appeared from the record that the prisoner's rights had been prejudiced thereby. Nothing appears in the record to show that the time was insufficient. It is true, it appears that when the prisoner's time expired one of his counsel was still arguing his case to the jury, and was called down. There is nothing in this, for the same thing might occur if he had been given a day in which to argue the case. It does not appear to us that the court abused its discretion in this case by limiting the counsel to the time it did. Ample time should be allowed for a full and fair discussion of the law and evidence to the jury, but the court of course must have a proper supervision over the proceedings, else it could not dispatch its business. But the rights of the citizen must be protected, and ample time should be allowed in every case to fairly and fully present the prisoner's defence to the jury. The facts are not complicated in this case, and the evidence is not long, and the State was limited as well as the defence, and, under all the circumstances of this case, we can not say that the court abused its discretion.

It is also insisted that the verdict should be set aside because the jury separated. We have carefully looked into the affidavits taken both for the State and the prisoner, and from these it appears that the juror went about 45 feet from where the other jurors stood, to get a pair of boots left at a shop for repairs, and pulled off the boots he had been wearing and put on the other pair; that while there he pulled off his coat and hung it up in a hall in the house or passage-way. The preponderance of the affidavits clearly shows that the juror was at no time out of sight of his fellow jurymen, nor out of sight of the officer in charge, and spoke to no one. This was not a separation of the jury. Substantially the

same instructions were given and refused as in *Shores's Case,*
*supra,* and, for the reason stated in that case for reversing
the judgment, the judgment in this case must be reversed.

There were two instructions rejected in this case that were
not asked in that, and these relate to proof of the *corpus de-*
*licti.* The instructions are: "The court instructs the jury
that it is incumbent on the State to prove the *corpus delicti*
or offence in this case beyond a reasonable doubt, by ev-
idence other than the confessions of the prisoner, proved on
the trial." And also: "The court further instructs the jury
that satisfactory proof of the *corpus delicti* or offence, either
by direct evidence or cogent and irresistible grounds of pre-
sumption, is absolutely necessary to a conviction in this
case; and if, from the evidence, there remains a reasonable
doubt as to the offence charged having been committed by
the prisoner, they must find him not guilty. And they are
further instructed that *corpus delicti* must be established,
independent of any admission, beyond a reasonable doubt."
We know of no decisions any where that hold the admissions
of the defendant are not competent evidence tending to
prove *corpus delicti,* but they certainly are competent ev-
idence tending to prove that the crime charged has been
committed. The authority cited by the plaintiff in error
does not sustain his propositon. That authority (Whart.
Crim. Ev. § 633,) says: "It should be rememberd that the
*corpus delicti* consists not merely of an objective crime, but
of the defendant's agency in the crime; citing *Johnson* v.
*Com.,* 29 Grat. 811, and two Texas cases, [*Merritt* v. *State,*
2 Tex. App. 177; *Davis* v. *State,* Id. 558,] and continues,
and unless the *corpus delicti* in both these respects is proved,
a confession is not of itself enough to sustain a conviction."
The court did not err in refusing to give the said instructions,
or either of them, as asked.

It is unnecessary to consider the motion for a new trial
based on the alleged after-discovered evidence, or because
the evidence did not sustain the verdict.

For the foregoing reasons the judgment is reversed, the
verdict set aside, and the case remanded for a new trial.

REVERSED. REMANDED.