STATE *vs.* NATHANIEL I. JACOBS.

PROVIDENCE—APRIL 3, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Criminal Law.    Confession.    Evidence.*

To warrant a conviction in a given case it must be shown (1) that a crime has been committed, and (2) that the person charged therewith was the active agent in its commission.  But while both facts must be proved beyond a reasonable doubt, neither need be proved independently of and apart from the other; or independently of and without regarding the confession of the person charged with the crime.

Full proof of the *corpus delicti*, independently of a confession, is not required.

While a confession is evidence, tending to prove both the fact that a crime

was committed and the defendant's agency therein, it is not of itself sufficient, without evidence *aliunde* of facts also tending to prove the *corpus delicti*, to warrant a conviction. There must be such extrinsic, corroborative evidence as will, when taken in connection with the confession, establish the fact in the minds of the jury beyond a reasonable doubt.

INDICTMENT charging an assault with intent to commit rape. Heard on petition for new trial. New trial denied.

TILLINGHAST, J. This is an indictment for an assault with intent to commit rape. The defendant was convicted in the Common Pleas Division, and the case is now before us on his petition for a new trial on the grounds that the verdict was against the evidence, and that the court erred in its instructions to the jury. The evidence offered on the part of the prosecution included an alleged confession by the defendant of the commission of the crime; and the main question of law which is raised is whether the instruction relating thereto, as finally given by the court in reply to a question by the jury, was correct. The question and reply were as follows : The foreman : "We would like to know whether we can use the confession made by the defendant, in connection with other evidence, to establish the commission of the crime?" The court : "Yes, sir. Confessions are made by parties presumably understanding what they say. If it is contended that they do not so understand, then you should weigh all the circumstances surrounding the alleged confession. When a party stands before the court and pleads guilty it is taken as a confession, and if the court has jurisdiction they proceed at once to sentence. If they have no jurisdiction, frequently the mere fact of the confession having been made is put in evidence here to affect the question of the guilt or innocence of the party. Whatever the party defendant voluntarily said, whatever he stated in response to any questions, if there was no threat to compel him to do it and no hope held out as to his escaping or getting off with lighter punishment—if there was nothing of that kind done, then you have a right to weigh the confession or alleged confession, and if that with the other testimony would establish the

guilt of the defendant beyond a reasonable doubt, your duty is to use it for what it is worth, and find a verdict accordingly." The defendant's counsel duly excepted to this instruction. He contends that the *corpus delicti* must be proved beyond a reasonable doubt, independently of and apart from any confession made by the defendant; that is to say, that the confession cannot be considered by the jury as in any degree tending to prove the body of the crime. We think this contention is untenable, and that the instruction given by the court was substantially correct.

It is doubtless well settled, in the United States at any rate, that extra-judicial confessions of a defendant in a criminal case, without other evidence of the fact that a crime has been committed, are insufficient to warrant a conviction. *People* v. *Hennessey*, 15 Wend. 147; *Stringfellow* v. *State*, 26 Miss. 157; 1 Greenl. Ev. 13 ed. § 217 and cases cited; *Robinson* v. *State*, 12 Mo. 592; *Attaway* v. *State*, 35 Tex. Crim. Rep. 403; Whar. Crim. Ev. 8 ed. § 633; 6 Am. & Eng. Ency. L. 2 ed. 582 and cases cited. But while this is so, "full proof of the body of the crime—the *corpus delicti*—independently of the confessions, is not required by any of the cases; and in many of them slight corroborating facts were held sufficient." *People* v. *Badgley*, 16 Wend. 53. In order to warrant a conviction in a given case, it must be shown (1) that a crime has been committed, and (2) that the person charged therewith was the active agent in the commission thereof. But while it is necessary that both of said essential facts should be proved beyond a reasonable doubt, it does not follow that each must be proved independently of and apart from the other, or that either must be proved independently of and without regarding the confession of the person charged with the crime. The confession is evidence tending to prove both the fact that the crime was committed and the defendant's agency therein. *State* v. *Hall*, 31 West Va. 509. But it is not sufficient of itself to prove the former, and without evidence *aliunde* of facts also tending to prove the *corpus delicti* it is not enough to warrant a conviction. There must be such extrinsic corroborative evidence as will, when taken in

connection with the confession, establish this fact in the minds of the jury beyond a reasonable doubt.

In the case before us there is evidence, both direct and circumstantial, outside of the confession of the defendant, strongly tending to prove that the crime in question was committed, and also that the defendant was the person who committed it. And we think it is of such a character, taken in connection with the evidence of the defendant's confession, as to warrant the jury in finding a verdict of guilty.

We have carefully examined the authorities cited by defendant's counsel in support of his contention, and we find that they not only do not sustain the position taken by him, but, on the contrary, are all in substantial harmony with the doctrine above announced.

Petition for new trial denied, and case remitted to the Common Pleas Division for further proceedings.

*Charles F. Stearns, Assistant Attorney-General,* for State.

*James A. Williams,* for defendant.