Davis, J.
The circuit court held (Knapp v. State, 25 O. C. C., 571) that “where the indictment charges that the crime was committed by choking and strangling to death the deceased, the corpus delicti in such case consists of the death of the victim together with facts which show that she met her death by being choked and strangled, and it is incumbent on the state, in order to warrant a conviction, to prove, other than by extra-judicial confessions of the accused, the death of the victim and that the crime was committed by the> accused substantially in the manner charged in the indictment.” Assuming for the purposes of this case only, that under the code of criminal procedure of this state the description of the crime in the indictment and of the manner in which it was done must be strictly proved, and that *393 the' failure to so prove it would he a material variance, we nevertheless think that proof of the manner and means and by which the crime is consummated does not relate to the corpus delicti, but is proof relating directly and solely to the accused’s guilty agency in the crime... Corpus delicti means the substance of the crime, and the substance of the crime charged in this indictment is that Hannah G-. Knapp was murdered.
The proof of her death is direct and positive, so that if the circumstances shown are of such force when taken together as to leave no room for reasonable doubt that she was murdered, then any extra-’ judicial confession by the prisoner, if otherwise competent, may be considered for the purpose of establishing his connection with the crime; and if the facts extrinsically proved by the state corroborate the confession then “full, direct and positive evidence of the corpus delicti is not indispensable” to admit the confession in evidence. People v. Badgley, 16 Wend. (N. Y.), 53; State v. Hall, 31 W. Va., 505; Winslow v. State, 76 Ala., 42; Ryan v. State, 100 Ala., 94; State v. Keeler, 28 Ia., 551; and see State v. Lamb, 28 Mo., 218. And if such extrinsic corroborative facts, when considered with the confession, persuade the jury beyond a reasonable doubt of the prisoner’s guilt as charged, such evidence will support a verdict of guilty. In Blackburn v. State, 23 Ohio St., 146, the counsel for the prisoner asked the court to instruct the jury as follows: “Mere extra-judicial confessions alone cannot be used to prove the body of a crime, and also to identify the prisoner. They cannot alone be received to prove the body of the crime at all.” The court.refused to so instruct the *394 .jury; but instead charged as follows: “Mere extrajudicial confessions alone cannot be used to prove the body of the crime, and also to identify the prisoner. But they may be taken in connection with other evidence in the case, either positive or circumstantial, in making out what is called the corpus ■delicti.” This court held that there was no error in that instruction.
Upon the trial of this case the state proved that the deceased was the wife of the prisoner; that the last time the deceased was seen alive she was in company with her husband at their rooms on December 21, 1902; that on the following morning, December 22, 1902, he hired a horse and spring wagon at a livery stable; that early on that same morning he had obtained from a shoe store a packing box, such as is used for packing shoes, and took it to his residence; that on the same morning he was seen with the horse and wagon on a road near the banks of the Miami river a short distance below the city of Hamilton; that the wagon contained a .box of the size, dimensions and description of a shoe box; that in February, 1903, the body of the deceased was found floating in the Ohio river near New Albany, Indiana; that said body was not clothed save by the fragments of a night gown and by black stockings, one of which covered a white stocking bandage over' a sore or abcess upon one of the legs; that when the body was found it was in a cramped or doubled up condition, with the knees drawn up toward the chin; that the identification of the body was complete by her friends, and that this was made certain by a ring on one of the fingers, ear rings in the ears and by other marks; that on the morning of the disappear *395 unce of the deceased the defendant wrote a note to an nncle of the deceased stating that he and his wife had gone to Cincinnati and would not réturn until .after Christmas ;• that he went to Cincinnati to the home of his sister and inquired for his wife, saying that she had been called to Cincinnati by a telegraphic message from his sister; that he made conflicting statements concerning said message, its contents, the time and manner of its receipt and the time of her leaving Hamilton; that he remained in Cincinnati for several days and pretended to search for his wife; that he returned to Hamilton and made other conflicting statements relating to the disappearance and absence of his wife; that he said his wife had gone away and would not return; that he sold and gave away the personal clothing and effects of the deceased; that all of her clothing except a night gown and a pair of black stockings and a white stocking covering the abscess on one of her legs remained in their house after her disappearance and was disposed of by defendant; that he sold part of his household goods and shipped the remainder to Indianapolis; that he returned to Cincinnati and pretended to be making preparations to go to West Virginia; that after this he spent one day and one night in Hamilton during which time, speaking of the absence of his wife, he said that he knew that she would never return; that he then went to Indianapolis, Indiana, where about February 3, 1903, he was again married.
The circumstances detailed above, except the finding and identification of the body which occurred later, led to the arrest of the defendant on February 25, 1903, upon the charge of murdering his wife, *396 Hannah G. Knapp; and on the same day he made the verbal confession which will be found in substance in the statement of the cáse above. The finding of the body and its identification followed within a very few days.
Now there is no room for dispute upon the proposition that the facts so shown by the prosecution and extrinsic to the confession are strongly corroborative of it and even would seem to conclusively establish its truth. Therefore, under the ruling in Blackburn v. State, supra, the confession may be taken in connection with the other evidence and used for the purpose of proving the body of the crime. It is true that outside of the confession there is nothing in the evidence to show that the deceased came to her death by choking or strangling; but as we have said the manner of producing the death is not an essential part of the crime. Murder may be committed in innumerable ways; but the statute defines the crime in the words, “Whoever purposely, etc., kills another.” The statute does not, nor did the common law, make the manner of killing an essential element of the crime. We think therefore that the circuit court misconceived the scope of the corpus delicti and by so doing erred in holding that the state had failed to prove according to law that the deceased came to her death “by the manner and means alleged in the indictment. ’ ’
The circuit court also held that the court of common pleas erred in admitting in evidence the written confession of the defendant in its entirety. This written confession contained admissions of the killing of four women besides the one for whose death he is now prosecuted, and at as many different times. *397 It does not very clearly appear upon what reasoning the circuit court arrived at this conclusion. But in substance the counsel for the defendant argue that the written confession is unnecessary evidence for the state, irrelevant and prejudicial; that it is unnecessary evidence because the state already had the benefit of oral confessions in detail relating to the crime for which he was tried; that so far as it relates to other crimes it is irrelevant and raises issues which cannot be tried in this case; and that it is prejudicial to the defendant because it may have impressed the jury with the idea that he is an habitual criminal. As to the first point it is only necessary to advert to the principle that there is no limit except the discretion of the court, to the admission of cumulative evidence on the same point. On occasions during the trial when the question as to the competency of this evidence arose, the court said to the jury that it was admitted only to prove the killing of Hannah Gr. Knapp; that they were to disregard all portions of it which do not relate to said killing; and that they should not permit the statements in the confession to prejudice them because they were only trying the defendant for killing Hannah Gr. Knapp. The state could not lawfully be permitted to give evidence to prove as facts pertinent to the case, that the accused had perpetrated other crimes; but it does not require close analysis to demonstrate that giving in evidence a formal written confession in which the accused admits that he has been guilty of other like crimes stands upon a different footing. In the latter case he admits the crime charged and others with it. In the other he stands as denying all. If the confession is to be offered as evidence, it is the well settled *398 and undoubted right of the accused to have all of it. admitted, whether -it be exculpatory or inculpatory in effect. The defendant in this case was being defended on the ground of insanity. There are statements in the confession which may well have been, used to support that plea. The jury found that the-defendant was not insane; and it is conceivable that, if the whole confession had not been admitted in evidence that would have been now assigned for error..
In Gore v. People, 162 Ill., 259, it was held that confession by the accused of a crime other than that, charged in the indictment, while not admissible as a. substantive fact, may, when not separable from a. competent confession, go to the jury under cautionary directions from the court. In the opinion, Phillips, J., said: ‘ ‘ Objection was made to the admission of evidence showing defendant made statements as-to the commission by him of other crimes than that for which he was on trial. Evidence of confession of other crimes is not admissible as a substantive fact. But it appears when the confession by defendant as to the crime charged was made he also admitted in the same conversation that, he had committed the other crimes referred to;, and when the witness was called upon to give defendant’s confession he stated all defendant said at that, time as a part of an inseparable admission or confession. The court correctly instructed the jury as-to the purpose for which such statements were admitted, and cautioned them not to consider the statements as to the other crimes as evidence of the commission of the crime charged. ’’ State v. Underwood, 75 Mo., 230, is also in point.
But the statements made in the confession. *399 as to other crimes were not, and could not he,, prejudicial. They were not more prejudicial than the admission that the prisoner was guilty of the crime charged in the indictment. The chief,, if not the only, defense was insanity. That defense was not sustained. The jury could not do otherwise, therefore, than to return a verdict, of guilty upon the admission that he was guilty of the crime charged in the indictment. That alone, with the other evidence in the case, was sufficient to sustain, and even to require, a verdict of guilty. How could the statements as to other crimes. affect a verdict in this case which was assured without them? But it may be answered that they may nevertheless have influenced the minds of the jury in arriving at their verdict. The court had cautioned, the jury not to consider those statements for any purpose and when we find in the record abundant evidence to support the verdict we cannot presume that they did consider statements which could have-no bearing to establish guilt as to the crime charged..
The circuit court found that the court of common-pleas erred in the following particular portions of' the charge to the jury, viz.: “In all doubtful cases, this presumption (i. e. the presumption of innocence) is sufficient to turn the scale in favor of the. defendant.” And “Sane men, who are innocent, as. a rule, do not make confession of crime. ’ ’ The first, of these propositions was stated in connection with the rule as to presumption of innocence and the rule-as* to reasonable doubt. The second stands in intimate connection with the instructions as to confessions by insane or sane persons. When considered in the light of what is said in connection, we do not *400 think that either of these propositions is misleading or improper. Indeed, we think that both of them standing apart from the context are more favorable to the defendant than to the prosecution.
As the circuit court found no error in the record save as considered above, and as we are of the opinion that the circuit court erred in all of those particulars.

The judgment of the circuit court is reversed, and that of the court of common pleas affirmed.

Spear, C. J., Shauck, Crew and Summers, JJ., concur.