STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. DAVID GELTZEILER AND ABRAHAM GREEN, PLAINTIFFS IN ERROR.

Submitted February 9, 1925—Decided March 16, 1925.

1. Proof of the *corpus delicti* is required in all criminal cases.
2. When a voluntary confession of the commission of the offense is made by the defendant in a criminal case, full proof of the *corpus delicti* is not required in addition to the confession, but sufficient proof thereof may arise out of evidence corroborating some fact or facts in the confession itself.

On error to the Supreme Court, whose *per curiam* opinion is printed in 2 *N. J. Mis. R.* 1106.

For the plaintiffs in error, *John W. McGeehan, Jr.*

For the defendant in error, *John O. Bigelow,* prosecutor of the pleas.

PER CURIAM.

The defendants were indicted and convicted in the Essex Court of General Quarter Sessions for possessing and selling certain liquor contrary to the provisions of *Pamph. L.* 1922, *ch.* 255, known as the Hobart act. The judgment entered upon the conviction was removed by writ of error into the Supreme Court, where it was affirmed. Error thereupon was brought into this court.

Our examination of this case has led us to the conclusion that the judgment of the Supreme Court should be affirmed and for the reasons given in its *per curiam,* except that the Supreme Court's deliverance on the first point argued before it we find to be incorrect. That court said: "The ground alleged is that the *corpus delicti* was not proven. The contention is that upon the confession of Geltzeiler the plaintiffs in error could not be legally convicted. The law is that a

confession if duly made and satisfactorily proven is sufficient alone to warrant conviction without corroborating testimony *aliunde*. But in this case there was corroborating evidence, namely, the check."

In *State* v. *Kwiatkowski,* 83 *N. J. L.* 650, we held that the only limitation upon the use as evidence against a prisoner of his confession of murder, voluntarily made, is want of proof of the *corpus delicti*. And in *State* v. *Banusik,* 84 *Id.* 640, that in a prosecution for murder the *corpus delicti* may be proved by a confession made by the defendant which is corroborated by other evidence. The law does not require full proof of the body of the crime independent of such confession. See, also, *State* v. *James,* 96 *Id.* 132, which was also a murder case.

It is true that the above are all cases of felonious homicide, but the doctrine is in nowise peculiar to such cases; it is equally applicable to all criminal cases. In the history of the law so many persons are known to have confessed the commission of crimes they never committed, even including murder, that the rule requiring proof of the *corpus delicti* has been evolved. However, when there is a voluntary confession of the offense by the defendant in a criminal case, full proof of the body of the crime is not required in addition to the confession, but sufficient proof thereof may arise out of evidence corroborating some fact or facts in the confession itself. And the Supreme Court correctly found sufficient corroboration in this case.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, MINTURN, KALISCH, BLACK, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 13.

*For reversal*—None.