STATE OF CONNECTICUT *vs.* ELIAS LALOUCHE.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 7th—decided May 16th, 1933.

*Herman M. Levy*, with whom, on the brief, were *Edward G. Levy* and *George W. Ross*, for the appellant (the accused).

*Abraham S. Ullman*, Assistant State's Attorney, with whom, on the brief, were *Samuel E. Hoyt*, State's Attorney, and *Irving Sweedler*, for the appellee (the State).

HINMAN, J. The finding is that the State offered evidence that in August, 1932, the defendant lived near the shore. His daughter, Josephine, aged ten years, who resided elsewhere, frequently came to his house to change her clothing after bathing, and he was the only other person at his home at these times. A woman who occupied an adjoining cottage, testified that on several occasions she saw the girl enter the defendant's house dressed in her bathing suit, and heard him accompany her to a second floor bedroom; that on two successive days she heard her make exclamations, which she quoted, which aroused suspicion that the girl was being made the victim of indecent assaults, and she reported the circumstances to the West Haven police. Officers obtained a state-

ment from the girl, and in consequence she was examined by two physicians, the examination disclosing a healed laceration of the hymen. The doctors testified that in their opinion the laceration had occurred ten days to two weeks prior to the examination, although admitting that it could have been sustained a much longer time before, and conceding, on cross-examination, that it might have been due to any one of a number of causes. Following this examination, the defendant was confronted by the girl and a relative at police headquarters. The record discloses that on the trial the girl was called to the stand but was unable to qualify as a witness.

After the evidence above outlined had been introduced, the chief of police was permitted to testify, over objection, that the defendant admitted that he had assaulted his daughter on three different occasions, giving details which we forbear to recount. Error is assigned in admitting this testimony and in denying the motion to set aside the verdict. Both assignments are based upon the contentions that the *corpus delicti* —the fact that the specific crime charged has been committed by someone—must be established by independent evidence before a confession by the accused can be introduced, and that it is then admissible only for the purpose of connecting the defendant with the crime. Undoubtedly the general rule is that the *corpus delicti* cannot be established by the extra-judicial confession of the defendant unsupported by corroborative evidence. 1 Wharton, Criminal Law (12th Ed.) § 357. There are cases which hold in effect that it must be established by evidence independent of the defendant's confession and that without such proof evidence of the confession is inadmissible. *People* v. *Tapia,* 131 Cal. 647, 651, 36 Pac. 1001; *Stringfellow* v. *State,* 26 Miss. 157, 59 Am. Dec. 247; *Braxton* v. *State,*

17 Ala. App. 167, 82 So. 657; note, 78 Am. Dec. 258; 7 R. C. L. 777.

The overwhelming weight of authority and of reason, however, recognizes that such a confession or admission may be considered in connection with other evidence to establish the *corpus delicti* and that it is not necessary to prove it by evidence entirely independent and exclusive of the confession. 1 Wharton, Criminal Law 12th Ed.) pp. 459, 460; *State* v. *Brinkley,* 55 Ore. 134, 104 Pac. 893, 105 Pac. 708; *Groover* v. *State,* 82 Fla. 427, 90 So. 473, 26 A. L. R. 373, 380; *State* v. *Geltzeiler,* 101 N. J. L. 415, 128 Atl. 240; 7 R. C. L. 777. "In order to warrant a conviction in a given case, it must be shown (1) that a crime has been committed, and (2) that the person charged therewith was the active agent in the commission thereof. But while it is necessary that both of said essential facts should be proved beyond a reasonable doubt, it does not follow that each must be proved independently of and apart from the other, or that either must be proved independently of and without regarding the confession of the person charged with the crime. The confession is evidence tending to prove both the fact that the crime was committed and the defendant's agency therein. *State* v. *Hall,* 31 W. Va. 509 [7 S. E. 422]. But it is not sufficient of itself to prove the former, and without evidence *aliunde* of facts also tending to prove the *corpus delicti,* it is not enough to warrant a conviction. There must be such extrinsic corroborative evidence as will, when taken in connection with the confession, establish this fact in the minds of the jury beyond a reasonable doubt." *State* v. *Jacobs,* 21 R I. 259, 261, 43 Atl. 31; *Commonwealth* v. *Killion,* 194 Mass. 153, 80 N. E. 222; *Messel* v. *State,* 176 Ind. 214, 95 N. E. 565, and numerous cases there cited.

The independent evidence must tend to establish that the crime charged has been committed and must be material and substantial, but need not be such as would establish the *corpus delicti* beyond a reasonable doubt apart from the confession. *People* v. *Deacons*, 109 N. Y. 374, 16 N. E. 676; *Flower* v. *United States*, 116 Fed. 241; Annotation—necessity and character of corroboration of confession of sexual offenses, 40 A. L. R. 464. Properly this evidence should be introduced and the court satisfied of its substantial character and sufficiency to render the confession admissible, before the latter is allowed in evidence. 16 C. J. 737. That course was followed in the present case.

Our conception of the nature and effect of an extra-judicial confession (as distinguished from the testimony of an accused given in open court) is not, as the appellant claims, incompatible with the rule above stated. We said in *State* v. *Willis*, 71 Conn. 293, 306, 308, 41 Atl. 821, that such a confession is not admitted as testimony of the declarant in respect to facts in issue but as conduct inconsistent with his contentions. It may tend to prove the main fact in issue but cannot of itself support a conviction. "There are some cases which seem to favor the theory that an uncorroborated admission can justify conviction; but examination shows that in most, if not all of these cases, there was other evidence." In *State* v. *Castelli*, 92 Conn. 58, 71, 101 Atl. 476, it is stated that declarations of the accused inconsistent with his plea of not guilty, while not of themselves testimony, when proved are evidence affecting the one who made them in the same sense that any other relevant fact inconsistent with the claims of the accused is evidence affecting him. While recognizing as having much support the contention that such an admission is direct evidence of the truth of the matter stated, we have not regarded as of ma-

terial consequence the distinction between that view and the standpoint adopted in *State* v. *Willis, supra.* "Such a statement . . . , while it cannot be regarded as the equivalent of direct testimony, is some evidence, circumstantial in its nature, of the truth of the fact contained in it." *Perrelli* v. *Savas,* 115 Conn. 42, 44, 160 Atl. 311. This conception of the utility of a confession is adapted and adequate to the instant case. The record shows corroborative circumstances, independent of the confession, which were abundant to warrant the subsequent admission of the confession in evidence. See illustrative examples in note, 40 A. L. R. 464 *et seq.; Commonwealth* v. *Killion, supra.* The cumulative effect of the evidence is ample to support a conclusion by the jury that the assault charged was committed. The further finding, that it was perpetrated by the defendant, is by no means solely dependent upon his admissions; without them the other evidence was conclusive as to this issue of the case.

There is no error.

In this opinion the other judges concurred.