THE STATE OF DELAWARE v. GEORGE H. KEHM.
THE STATE OF DELAWARE v. ERNEST F. MULLER.

*(March 9, 1954.)*

LAYTON, J., sitting.

*Edmund N. Carpenter, II,* Deputy Attorney-General, for the State.

*David B. Coxe, Jr.,* for the Defendants.

Superior Court for New Castle County, Nos. 69 and 70, January Term, 1954.

LAYTON, J.:

Defendants have moved to dismiss upon the ground that the State failed to comply with the rule requiring proof of the *corpus delicti* by evidence *aliunde* as a condition to the admission of an extrajudicial confession. The decisions of this State have never expressly laid down the rule urged by defendants but, in practice, it has always been observed.[1] And 1 *Wharton's Evidence,* § 360 indicates that it is the general rule in the country:

"Proof *aliunde.* Proof of the *corpus delicti* by evidence *aliunde* is necessary as a basis for the admission of an extrajudicial confession by the accused. Where the *corpus delicti* is otherwise sufficiently established, the uncorroborated confession of the accused is sufficient to warrant his conviction of the of-

---

[1]The old Court of Oyer and Terminer, in which I sat, so held in *State v. Brennan (Del. Oyer and Terminer, Kent County,* 1950).

In *State v. Hand, Del. Gen. Sessions* 1894, 1 *Marv.* 545, 41 *A.* 192, the Court said:

"That is, if a man openly confesses that he has killed another at a certain time, unless there is proof that a man was actually killed, even though the missing man may not come back, the confession amounts to nothing."

fense charged and confessed, even in those cases where the punishment thereof is death. In such a case the jury should first pass upon the sufficiency of the proof *aliunde* of the *corpus delicti*, but it is not required that the *corpus delicti* be proved beyond the possibility of doubt before evidence of the confession of the accused can be submitted to the jury."

However, the decisions are not in harmony as to the quantum of proof required to be offered as a condition precedent to the admission of a confession. Certainly, it is not the general rule that the *corpus delicti* be proved conclusively prior to the offer of a confession. I *Wharton's Criminal Law*, § 360, *supra*. I understand the better-reasoned cases to hold that the quantum of proof *aliunde* should be that which, though not in itself conclusive, when taken in connection with the confession, establishes the *corpus delicti* beyond a reasonable doubt. *Jones v. State*, 188 *Md.* 263, 52 *A.* 2d 484, and see also 1 *Wharton's Criminal Law*, § 360 and cases cited in Note 9. And this in conjunction with proof beyond a reasonable doubt of the accused's criminal agency is sufficient to sustain a conviction.

Applying this rule to the case at bar, we have these facts *aliunde* the confessions. The defendants were parked at night in a manner and place such as to arouse the suspicion of the police. When the lights of the police car were played upon defendants' station wagon, two heads "popped up" from the middle of the front seat and defendants put their car in motion, apparently to attempt escape. Finally, when apprehended, their trousers were open in such manner as to expose themselves. I have no hesitation in concluding that these facts taken in connection with the complete and wholly voluntary confessions not only establish the *corpus delicti* but, moreover, I regret to say, the guilt of these defendants beyond a reasonable doubt. I say "regret" because, in my opinion, these two men are not so much criminals as mentally ill. However, under the present state of the law, I can make no other disposition of the matters.

Verdict of guilty as to each defendant.