STATE OF DELAWARE v. CARL NELSON.

(*July* 15, 1955.)

RICHARDS, P. J., and TERRY and LAYTON, J. J., sitting.

*Joseph Donald Craven*, Attorney-General, for the State.

*H. James Conaway, Jr.*, for the Defendant.

Superior Court for New Castle County, No. 405, Criminal Action, 1954.

LAYTON, J.:

█ The first contention is easily disposed of. The State's medical witness was Dr. Cassella, a pathologist. He conducted a post mortem examination of the deceased's body. His testimony fell roughly into two categories:

(1) From his examination of the deceased's body, including certain marks or bruises on the deceased's neck and the evidence of bruised muscles lying underneath the skin of the neck, that death was *consistent*[1] with strangulation.

(2) From his examination of the deceased's body as well as certain *verbal history*[2] related to him by an unnamed person that death was very probably (though not definitely) caused by strangulation.

Despite the complete clarity of the record in respect of the first proposition, defendant insists that Dr. Cassella did not so testify—rather, he maintains that it was only with the benefit of

[1]Our emphasis
[2]Our emphasis

the verbal history that the doctor was able to conclude that death was consistent with strangulation and, because the verbal history represents hearsay, it is asserted that the doctor's conclusion is inadmissible. After a careful reading of the record, we can only conclude that defendant is mistaken as to the facts. The doctor stated without equivocation that based upon his own examination of deceased's body and nothing more, death was consistent with strangulation. This testimony was obviously correctly admitted. 11 *Wigmore on Evidence,* § 610, p. 792.

Next it is argued that Dr. Cassella's conclusion that deceased was strangled based partly upon observation and partly upon a verbal history related to him by some unnamed person, is based upon hearsay and, accordingly, inadmissible. Here defendant is on stronger ground. However, in our view it is unnecessary to decide this question. The reasons appear hereafter.

Defendant's remaining ground for new trial is the Court's refusal to charge that the *corpus delicti* must be proved independently of the confession and, beyond a reasonable doubt, before evidence of the confession is admissible.

 The leading case in this State on the question of the *quantum* of proof of *corpus delicti aliunde* before introduction of a confession is *State v. Kehm,* 9 *Terry* 372, 1954, 103 *A.* 2d 781, 782. There the Court said:

"However, the decisions are not in harmony as to the *quantum* of proof required to be offered as a condition precedent to the admission of a confession. Certainly, it is not the general rule that the *corpus delicti* be proved conclusively prior to the offer of a confession. 1 *Wharton's Criminal Law,* § 360, *supra.* I understand the better-reasoned cases to hold that the *quantum* of proof *aliunde* should be that which, though not in itself conclusive, when taken in connection with the confession, establishes the *corpus delicti* beyond a reasonable doubt. *Jones v. State,* 188 *Md.* 263, 52 *A.* 484, and see also 1 *Wharton's Criminal Law,* § 360 and cases cited in Note 9. And this in conjunction with

proof beyond a reasonable doubt of the accused's criminal agency is sufficient to sustain a conviction."

For reasons which defendant does not quite make clear, it is strenuously argued that *State v. Kehm* is improperly decided. However, the only authority which defendant points to in support of his view that proof of the *corpus delicti* must be by evidence beyond a reasonable doubt before the introduction of a confession, is *Wharton's Criminal Law*, Volume 1, § 359, P. 469, which states:

"* * * but this will not dispose of the rule requiring that the *corpus delicti* must be proved independently of the confession, and beyond a reasonable doubt, before evidence of the confession is admissible."

The only case cited for this proposition is *Pitts v. State*, 43 *Miss.* 472. It is significant that *Roberts v. State*, 210 *Miss.* 777, 50 *So.* 2d 356, 359, a much later decision of the Supreme Court of Mississippi, has apparently repudiated the rule of the *Pitts* case. In the *Roberts* decision, the Court said:

" 'In order for the *corpus delicti* to be established by evidence *aliunde* the confessions, it is not necessary that the proof *aliunde* should show the crime or *corpus delicti* beyond a reasonable doubt, but it is sufficient to show it by a preponderance of the evidence or by evidence amounting to a probability, and then the confessions will be received, and, if the confessions coupled with the proof of the *corpus delicti aliunde* show the *corpus delicti* beyond a reasonable doubt, it is sufficient.' "

To the contrary, the overwhelming weight of authority seems to be in line with the *Kehm* case. While the Courts are not completely uniform as to the *quantum* of proof necessary to establish the *corpus delicti* independently of an extrajudicial confession, it seems to be settled law that it is not necessary that such evidence alone establish the fact beyond a reasonable doubt. As *Wharton's Criminal Evidence*, Vol. 2, § 641 states:

"Sufficiency of corroboration. The courts are not in accord as to the *quantum* of proof necessary to establish the *corpus delicti* of a crime independently of an extrajudicial confession, but it is generally accepted that it is not necessary that such evidence alone establish the fact beyond a reasonable doubt, but that it is sufficient if, when considered in connection with the confession, it satisfies the jury beyond a reasonable doubt that the offense was committed and that the defendant committed it."

The Supreme Court of Rhode Island, in *State v. Jacobs*, 21 *R. I.* 259, 43 *A.* 31, 32, reviewed the authorities on this point and stated:

"The defendant's counsel duly excepted to this instruction. He contends that the *corpus delicti* must be proved beyond a reasonable doubt, independently of and apart from any confession made by the defendant; that is to say, that the confession cannot be considered by the jury as in any degree tending to prove the body of the crime. We think this contention is untenable, and that the instruction given by the court was substantially correct.

"It is doubtless well settled, in the United States, at any rate, that extrajudicial confessions of a defendant in a criminal case, without other evidence of the fact that a crime has been committed, are insufficient to warrant a conviction. *People v. Hennessey*, 15 *Wend.*, *N. Y.* 147; *Stringfellow v. State*, 26 *Miss.* 157; 1 *Greenl. Ev.* (13th Ed.) § 217, and cases cited; *People v. Thrall*, 50 *Cal.* 415; *Robinson v. State*, 12 *Mo.* 592; *Attaway v. State*, 35 *Tex. Cr. R.* 403, 34 *S. W.* 112; *Whart. Cr. Ev.* (8th Ed.) § 633; 6 *Am. & Eng. Enc. Law* (2d Ed.) 582, and cases cited. But, while this is so, 'full proof of the body of the crime,—the *corpus delicti*,—independently of the confessions, is not required by any of the cases; and, in many of them, slight corroborating facts were held sufficient.' *People v. Badgley*, 16 *Wend.*, *N. Y.* 53. In order to warrant a conviction in a given case, it must be shown (1) that a crime has been committed, and (2) that the person charged therewith was the active agent in the commission there-

of. But, while it is necessary that both of said essential facts should be proved beyond a reasonable doubt, it does not follow that each must be proved independently of, and apart from, the other, or that either must be proved independently of, and without regarding, the confession of the person charged with the crime. The confession is evidence tending to prove both the fact that the crime was committed and the defendant's agency therein. *State v. Hall*, 31 *W. Va.* [505] 509, 7 *S.E.* 422. But it is not sufficient of itself to prove the former, and, without evidence *aliunde* of facts also tending to prove the *corpus delicti*, it is not enough to warrant a conviction. There must be such extrinsic corroborative evidence as will, when taken in connection with the confession, establish this fact in the minds of the jury beyond a reasonable doubt."

Admittedly, the language of some of the authorities on this question is equivocal but when carefully read, they seem to bear out the statement in *Wharton's Criminal Law*, Volume 1, § 363:

"* * * But it is to be noted that those decisions which hold that the *corpus delicti* must be proved beyond a reasonable doubt means simply that the criminal act must be thus established before evidence can be introduced as to the accused's criminal agency in connection therewith."

In other words, the *corpus delicti* must first be established by proof independently of the confession, after which the jury must find that such proof together with the confession, establishes the *corpus delicti* beyond a reasonable doubt. The following cases support this proposition. *People v. Kinder*, 122 *Cal. App.* 2d 457, 265 *P.* 2d 24, 28; *Commonwealth v. Coontz*, 288 *Pa.* 74, 135 *A.* 538; *Jones v. State*, 188 *Md.* 263, 52 *A.* 2d 484; *State v. Geltzeiler*, 101 *N. J. L.* 415, 128 *A.* 240; *State v. La Louche*, 116 *Conn.* 691, 166 *A.* 252. Indeed, the *Coontz* case, *supra*, holds that it is sufficient in order to introduce a confession to show that the facts are consistent with the commission of a crime even though the same facts may be consistent with a non-criminal causation.

We are of the opinion that *State v. Kehm, supra,* correctly states the law on this point. Only defendant's persistent argument to the contrary has induced us to amplify that holding to some extent.

Defendant's motion for new trial is denied.