517 S.E.2d 36

**STATE of West Virginia ex rel. David V. WRIGHT and Christopher David Wright, Petitioners,**

v.

**Honorable James C. STUCKY, Judge of the Circuit Court of Kanawha County, and Marcella Gherke, parent, next friend and legal guardian of George Adam Smoot, a minor, Respondents.**

No. 25839.

Supreme Court of Appeals of West Virginia.

Submitted May 4, 1999.

Decided June 17, 1999.

---

Daniel W. Greear, Esq., Ellen R. Archibald, Esq., Kesner, Kesner & Bramble, Charleston, West Virginia, Attorney for Petitioners.

Debra C. Price, Esq., Charleston, West Virginia, Attorney for Respondent Marcella Gherke.

STARCHER, Chief Justice:

In the instant case, we issue a writ of prohibition barring the enforcement of an order by the Circuit Court of Kanawha County. The order prohibited David and Christopher Wright from refusing to answer questions in a civil deposition based on their constitutional right not to give self-incriminating testimony.

## I.

### Facts and Background

George Smoot, a minor (by his mother Marcella Gherke), filed a lawsuit against the petitioners David Wright and Christopher Wright, for injuries that George Smoot allegedly sustained in an assault. Criminal charges were also filed against the Wrights in connection with the alleged assault.

The Wrights agreed to respond to discovery requests in the Smoot/Gherke civil case, on the condition that the Wrights' criminal case was resolved by the time their discovery response in the civil case was due. When the criminal case was not resolved by the due date for the discovery responses, the circuit court (in the civil case) granted the Wrights a protective order, under Rule 26(c) of the *West Virginia Rules of Civil Procedure*, [1998] [1] excusing the Wrights from answering written discovery requests, based on the Wrights' assertion of their constitutional protection against compelled self-incrimination (we shall refer to this as their "self-incrimination right").

However, the circuit court denied the Wrights' request for a protective order with respect to their depositions. The circuit court concluded that *W.Va.Code*, 57-2-3 [1965] [2] would protect the Wrights' self-incrimination right in the depositions—and that therefore the Wrights could not refuse to answer questions posed to them in their civil depositions based upon their self-incrimination right. The circuit court also sealed and prohibited the distribution of the transcripts of the Wrights' depositions, and prohibited the dissemination of information obtained in those depositions.[3]

1. Rule of Civil Procedure 26(c) [1998] states in pertinent part:

   the court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...

2. *W.Va.Code*, 57-2-3 [1965] states:

   In a criminal prosecution other than for perjury or false swearing, evidence shall not be given against the accused of any statement made by him as a witness upon a legal examination.

3. The circuit court's order, in pertinent part, read as follows:

   The Court, after hearing arguments of counsel and after review of the record with respect to the Motion for Protective Order, does find that the deposition testimony sought by the Plaintiff is protected under West Virginia Code § 57-2-3, and does, accordingly DENY the Defendants' Motion for a Protective Order regarding the scheduled depositions of David and Christopher Wright. The Court, further finds that the written discovery, which is currently outstanding to the Defendants, is not protected by West Virginia Code § 57-2-3 as a

   legal examination, and does, accordingly GRANT the Defendants' Motion for a Protective Order with regard to the outstanding written discovery requests.

   The Court further Orders that the transcripts of David and Christopher Wrights' deposition be used only in the context of this civil action and further distribution and/or dissemination is strictly prohibited. The only exception to this prohibition is for the limited purposes of providing copies of the transcript to the Defendants' criminal attorney, Thomas Patrick Maroney. The Court further Orders that all persons attending the deposition of the Defendants are prohibited from discussing or disseminating any information gleaned from the Defendants at their civil depositions outside of the context of prosecuting this civil action.

   The Court further Orders that a civil deposition does constitute a legal examination under West Virginia Code § 57-2-3, and does thereby Order that the Defendants will not be permitted to assert their Fifth Amendment right against self incrimination with respect to questions posed to them during their civil depositions. The Court further Orders that the Defendants be required to fully respond to all

The Wrights filed a writ of prohibition with this Court, seeking to prevent the enforcement of that portion of the circuit court's order that bars the Wrights from refusing to answer deposition questions based on their self-incrimination right.

## II.

### Standard of Review

■ This Court addressed the standard for determining the appropriateness of a writ of prohibition in Syllabus Point 1 of *Hinkle v. Black*, 164 W.Va. 112, 262 S.E.2d 744 (1979):

In determining whether to grant a rule to show cause in prohibition when a court is not acting in excess of its jurisdiction, this Court will look to the adequacy of other available remedies such as appeal and to the over-all economy of effort and money among litigants, lawyers and courts; however, this Court will use prohibition in this discretionary way to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, *constitutional,* or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance.

(Emphasis added.)

■ Additionally, we stated in Syllabus Points 2 and 3 of *State ex rel. U.S. Fidelity and Guar. Co. v. Canady*, 194 W.Va. 431, 460 S.E.2d 677 (1995):

2. " 'A writ of prohibition is available to correct a clear legal error resulting from a trial court's substantial abuse of its discretion in regard to discovery orders.' Syllabus Point 1, *State Farm Mutual Automobile Insurance Co. v. Stephens*, 188 W.Va. 622, 425 S.E.2d 577 (1992)." Syllabus Point 3, *State ex rel. McCormick v. Zakaib*, 189 W.Va. 258, 430 S.E.2d 316 (1993).

3. When a discovery order involves the probable invasion of confidential materials that are exempted from discovery under Rule 26(b)(1) and (3) of the West Virginia Rules of Civil Procedure, the exercise of this Court's original jurisdiction is appropriate.

Our review of legal issues in a writ of prohibition, of course, is *de novo.*

## III.

### Discussion

■ The Fifth Amendment to the *United States Constitution* and Article III, Section 5 of the *West Virginia Constitution* prohibit the compelling of self-incriminating testimony in both criminal and civil proceedings— unless neither the testimony nor its fruits are available in a criminal proceeding. *See* Syllabus Point 1, *State ex rel. Osburn v. Cole*, 173 W.Va. 596, 319 S.E.2d 364 (1983). *See also State v. Beard*, 203 W.Va. 325, 507 S.E.2d 688 (1998); *State ex rel. Palumbo v. Graley's Body Shop, Inc.*, 188 W.Va. 501, 425 S.E.2d 177 (1992).[4]

This constitutionally-based limitation on the use of compelled, self-incriminating testimony is commonly known as "use immunity." *Beard, supra.*

A related, statutorily-based limitation on the evidentiary use of certain self-incriminating statements is created by *W.Va.Code*, 57–2–3 [1965]. This statute, which was relied upon by the circuit court in the instant case, states:

In a criminal prosecution other than for perjury or false swearing, evidence shall not be given against the accused of any statement made by him as a witness upon a legal examination.

We have never held that the limitation on the use of certain statements that is created by *W.Va.Code*, 57–2–3 [1965] is as broad as or co-extensive with constitutionally-based "use immunity." The language of *W.Va. Code*, 57–2–3 [1965] addresses only the admissibility of a statement in court, and does not address a statement's possible "use" for

---

questions properly posed to them pursuant to the West Virginia Rules of Civil Procedure, to which there are no valid objections.

4. Additionally, compelled testimony in a criminal proceeding implicates "transactional immunity" with respect to the subject matter of the testimony. *See W.Va.Code*, 57–5–2 [1923].

other purposes related to a criminal investigation or prosecution.[5]

Similarly, while a circuit court under Rule 26(c) has the power to grant a protective order limiting the use of a civil deposition—as the circuit court did in the instant case—it does not appear that we have ever held that such an order confers broad criminal "use immunity" with respect to the contents of the statement. Nor have we held that such a protective order necessarily binds or limits the rights of parties who are strangers to the litigation—such as public criminal investigators and prosecutors.

Other courts addressing the issue have consistently held that a civil protective order sealing a deposition does not automatically bar the obtaining or use of the deposition in a criminal context. *See, e.g., In re Grand Jury Subpoena*, 836 F.2d 1468 (4th Cir.1988), *cert. denied*, 487 U.S. 1240, 108 S.Ct. 2914, 101 L.Ed.2d 945 (1988), where the court held that the issuance of a Rule 26 protective order in a civil proceeding is not grounds to quash a grand jury subpoena for the deposition transcript.[6]

In a statement that is particularly pertinent to the instant case, the Fourth Circuit in *In re Grand Jury Subpoena* said:

> In contrast with a grant of immunity, the government may not use a protective order to compel a witness to testify during a criminal or civil proceeding. Absent a grant of immunity, the deponents were entitled, *with or without a protective order*, to assert their fifth amendment privilege in answer to potentially incriminating questions in a civil proceeding.

836 F.2d at 1471 (emphasis added).

■ We conclude from the foregoing discussion that neither the statutory limitation created by *W.Va.Code*, 57–2–3 [1965], nor a protective order under Rule 26(c) of the *West Virginia Rules of Civil Procedure*, provide the "use immunity" protection that permits a court to require a person to answer questions in civil discovery, over a constitutional objection based on the Fifth Amendment to the *United States Constitution* and Article III, Section 5 of the *West Virginia Constitution*, where the answers to the questions may be self-incriminating.

In the instant case, the circuit court's order that is challenged by the petitioners was premised on the court's conclusion that the petitioners—by virtue of the court's Rule 26(c) protective order and the limitations imposed by *W.Va.Code*, 57–2–3 [1965]—would have an immunity with respect to their answers to deposition questions that was fully protective of their constitutional self-incrimination right.

Because we have held that this legal conclusion by the circuit court was erroneous, we must find that the circuit court erred in issuing its order based upon such a premise. We therefore grant the requested writ and prohibit the enforcement of the circuit court's order to the extent that the order requires the petitioners to make discovery responses—including the giving of answers to questions at depositions—over the petitioners' *bona fide* assertion of the constitutional right

---

5. In *State v. Price*, 113 W.Va. 326, 328, 167 S.E. 862, 863 (1933), we stated:

> This is a time-honored statutory provision. We inherited it from the mother state. Code of Virginia 1860, chapter 199, section 22. The rule is thus applied in *State v. Hall*, 31 W.Va. 505, 7 S.E. 422: "No statement made by one accused of crime, while a witness testifying on his own behalf before a justice on his preliminary examination, can be used against him on his trial."

None of our cases appear to discuss how *W.Va. Code*, 57–2–3 [1965] "interfaces" with constitutional self-incrimination jurisprudence—but the statute appears to arise out of the same principles that animate the constitutional protection.

6. The Ninth Circuit (*In re Grand Jury Subpoena*, 62 F.3d 1222 (9th Cir.1995)) and the Eleventh Circuit (*In re Grand Jury Proceedings (Williams) v. U.S.*, 995 F.2d 1013 (11th Cir.1993)), take the same approach as the 4th Circuit, holding that Rule 26 protective orders may always be overcome by a grand jury subpoena. Taking an opposite approach, the Second Circuit requires the government to show a "compelling need" to enforce a grand jury subpoena for sealed civil discovery. *Martindell v. ITT*, 594 F.2d 291 (2d Cir.1979). The First Circuit takes a middle-ground approach, placing the burden on the person seeking to avoid the subpoena to show that it should not be enforced. *In re Grand Jury Subpoena*, 138 F.3d 442 (1st Cir.1998).

to remain silent about information that might tend to be self-incriminating.[7]

Writ Granted as Moulded.

7. The balancing of the self-incrimination right vis-a-vis other rights in civil proceedings is a complex area of jurisprudence. A wide array of options are available to courts in performing this balancing. *See generally Osburn, supra,* 173 W.Va. at 598 n. 5, 319 S.E.2d at 366 n. 5; Wright and Miller, Federal Practice and Procedure, Chapter 6, "Depositions and Discovery," Section 2018, "Privilege Against Self–Incrimination;" Mark Youngelson, "The Use of 26(c) Protective Orders: 'Pleading the Fifth' Without Suffering Adverse Consequences," 1994 Ann. Surv.Am.L. 245; Gerald W. Heller, "Is 'Pleading the Fifth' a Civil Matter? How the Constitution's Self–Incrimination Clause Presents Special Challenges for the Civil Litigator," 42 *Federal Lawyer* 27 (September 1995).

Mindful that there are many permutations of this balancing act, with varying equities in each permutation, in this opinion we deliberately go only as far as is necessary to resolve the narrow issue before us. We express no opinion as to what options may be properly employed by the circuit court in any balancing that is necessary in the underlying lawsuit in the instant case.

We do, however, observe that not every question at a deposition—or request for admission, or document request, or other discovery request—will necessarily require a response that in its entirety is potentially self-incriminating. It would seem therefore that the self-incrimination. right, if it is asserted, should ordinarily be asserted in response to specific questions or other specific discovery requests—as opposed to a blanket objection to a form of discovery—unless such a procedure would be demonstrably futile.

Additionally, we observe that in some circumstances, a party may permissibly be required to risk adverse consequences in civil proceedings, as a result of their silence based on the assertion of their right against compelled self-incrimination. *See* Syllabus Point 2, *West Virginia Dept. of Health and Human Resources ex rel. Wright v. Doris S.,* 197 W.Va. 489, 475 S.E.2d 865 (1996) (silence can lead to adverse inference in child abuse and neglect proceedings); *see generally Osburn, supra,* and the discussion of this issue in the other authorities noted *supra* in this footnote.